SHUVER v. KLINKENBERG.

1. **Forcible Entry and Detainer:** NOTICE TO QUIT: MORE THAN THREE DAYS: JURISDICTION. Where the tenancy in question ended by agreement March 29th, and April 4th the lessor gave the lessee written notice to quit by the 5th day of May, *held* that, as the thirty days' notice required by § 2015 of the Code was not necessary, (*Grosvenor v. Henry*, 27 Iowa, 269,) an action of forcible entry and detainer could be maintained on the notice so given, as it answered the purpose of the three days' notice required by § 3614. Defendant could not complain that more than three days notice was given.

2. ———: ORIGINAL NOTICE: TIME FOR APPEARANCE: JURISDICTION. The fact that the original notice in an action of forcible entry and

detainer was served nine days before the time fixed for appearance, in contravention of § 3617 of the Code, was a mere irregularity not depriving the court of jurisdiction to render judgment by default against defendant, and a motion to vacate the judgment and dismiss the action for want of jurisdiction was properly overruled. Compare *Shea v. Quintin*, 30 Iowa, 58.

*Appeal from Butler Circuit Court.*

SATURDAY, DECEMBER 12.

THE plaintiff commenced an action of forcible entry and detainer against the defendant before a justice of the peace. The defendant did not appear at the time fixed in the original notice. A default was entered, and, after hearing the proofs, a judgment was entered for the plaintiff. Two days afterwards the defendant filed a motion "to vacate the judgment and dismiss the complaint." The motion was overruled on the same day. Thereupon the defendant sued out a writ of error, and upon return of the writ the circuit court reversed the ruling of the justice, and remanded the cause, with instructions to the justice to sustain the motion. The plaintiff appeals.

*J. H. Scales*, for appellant:

*O. B. Courtright*, for appellee.

ROTHROCK, J.—The petition filed before the justice of the peace avers in substance that plaintiff leased a town lot to the defendant for the term of one year, and that defendant, at the end of the year, refused to quit the premises. The lease expired on the twenty-ninth of March, 1884. That on the fourth day of April, 1884, the plaintiff served a written notice on the defendant to quit the possession of the lot by the fifth day of May, 1884. The original notice in the action was served on the defendant on the eighth day of May, 1884, and required the defendant to appear before the justice of the

peace on the seventeenth day of that month. The motion upon which the justice made the ruling demanded that the judgment be vacated and the complaint dismissed, on the ground that the court had no jurisdiction of the subject-matter, as the records show that three days' notice to quit was not served on the defendant, and for the further reason that the court had no jurisdiction of the defendant, or of the subject-matter, as shown by the the original notice, and the return thereon, as returned by the officer serving the same.

Two questions appear to be raised by this motion. The first is that a three days' notice to quit was necessary to be given to the defendant in order to give the justice jurisdiction of the cause. It is true that, under section 3614 of the Code, before a suit of this kind can be brought, three days' notice to quit must be given to the defendant in writing. It appears that a notice was given, but that it was some thirty days before the suit was brought. We think that the defendant cannot complain because she was allowed more than three days after service of the notice in which to surrender the possession. The defendant was not entitled to the thirty-days' notice provided by section 2015 of the Code, because the tenancy ceased at the time agreed upon, which was one year. *Grosvenor v. Henry*, 27 Iowa, 269. Even if the defendant may, under the statute, demand that the notice shall be exactly three days, a service of a notice for a longer time would not affect the jurisdiction of the justice. It was nothing more than a mere irregularity.

Next, the motion raises a question to the effect that the justice had no jurisdiction on account of defect in the original notice. We are not advised by the record what the alleged defect is. We cannot determine from the record whether any defect was brought to the attention of the justice of the peace or the circuit court. We have examined the statute to ascertain, if possible, what the defendant complains of in regard to the orig-

1. FORCIBLE entry and detainer: notice to quit: more than three days: jurisdiction.

2. ——: original notice: time for appearance: jurisdiction.

inal notice. It appears from section 3617 of the Code that the time for appearance and pleading in this proceeding must not be less than two nor more than six days from the time the notice is served on the defendant. It appears that the service was made in this case nine days before the time fixed for an appearance. If this defect is the one complained of, it cannot avail the defendant. It was not the case of a want of notice. The notice was merely defective, and did not affect the jurisdiction of the justice. *Shea v. Quintin*, 30 Iowa, 58; *Dougherty v. McManus*, 36 Iowa, 657. The first of the above cited cases is in principle precisely in point on this question.

It will be observed that the defendant did not, in her motion, ask that the default be set aside because of the irregularities of which she complained, and that she should be permitted to defend the action. The demand was that, as the justice had no jurisdiction, the judgment must be vacated and suit dismissed. We think the justice was correct in his ruling, and that the circuit court erred in remanding the cause, with directions to the justice to sustain the motion.

REVERSED.