McLain v. Calkins.

Forcible Entry and Detainer: NOTICE TO QUIT: WHEN GIVEN. In order to maintain an action of forcible entry and detainer against a tenant holding over after the termination of his lease, the three days' notice to quit, required by section 3614 of the Code, need not be given after the termination of the lease. All that is required is that it be given three days before the suit is begun. In this case it was given one month prior to the expiration of the term, and the suit was brought the day after the term expired, and it was *held* sufficient. (See citations in opinion, and compare *Drain v. Jacks, post*, p.——.)

*Appeal from Cerro Gordo District Court.*—HON. G. W. RUDDICK, Judge.

FILED, MAY 16, 1889.

ACTION before a justice of the peace in forcible entry and detainer. A demurrer to the petition was overruled by the justice of the peace on the ground that the petition does not show the three-days notice to quit required by Code, section 3614. This demurrer was renewed in the district court, and a motion to dismiss the cause, based on the same ground as the demurrer, was made by defendant and sustained. The case was tried to a jury in the justice's court, and a judgment entered upon a verdict for plaintiff. Defendant appealed to the district court, where a motion to dismiss the cause on the ground that the three-days notice was not given was sustained. Plaintiff appeals.

*Sherwin & Schermerhorn*, for appellant.

*Blythe & Markley*, for appellee.

BECK, J.—I. The petition alleges that defendant leased the land in question of plaintiff, the term expiring September 25, 1887, and that on the twenty-fifth of August, 1887, plaintiff served upon defendant a notice to quit the possession of the land within thirty days. The petition was filed September 26. It will be observed

that the notice to quit was served before the expiration of the term, and the suit was commenced a day thereafter.

II. The only question presented by the case is this: Was timely notice to quit, in compliance with the statute, given to defendant? The statute (Code, sec. 3611, par. 2) authorizes an action of forcible entry and detainer against a tenant holding over after the expiration of or contrary to the terms of his lease. Code, section 3614, provides that before such suit can be brought "three days' notice to quit must be given to the defendant, in writing." Defendant insists that the notice to quit must be given after the expiration of the term, and plaintiff contends that it may be given before. This statement presents the exact contention of the parties. In our opinion the notice may be given before the expiration of the term. The statute does not prescribe at what time, whether before or after expiration of the term, the notice shall be given. It simply provides that the notice shall be three days before the commencement of the action. It is not bad if it is given more than three days before the commencement of the suit. *Shuver v. Klinkenberg*, 67 Iowa, 544. Defendant's position would secure the defendant in the possession of the land for three days after the expiration of the lease. It would, in effect, give the defendant three days longer term than the lease gives him. Surely it was not the purpose of the legislature to thus interfere with the contract, and give the defendant a right his lease did not secure. The object of the statute is to provide that the tenant shall be notified of the expiration of the lease, so that he may have three days in which to make preparation for the vacation of the premises, being advised that the lessor demands possession. Its intention is not to interfere with the contract between the parties and secure defendant in the possession of the land three days longer than his term. In support of these conclusions, see *Leutzey v. Herchelrode*, 20 Ohio St. 334; *Hawley v. Robeson*, 14 Neb. 435; 16 N. W. Rep. 438. It is our opinion that the judgment of the district court ought to be                                        REVERSED.