## C. BREEN v. W. H. KUHN, Appellant.

**Default: Opening by Justice.** A justice is not warranted in setting aside a default because defendant's name is misspelled in the copy of the notice left with him, the original being correct and duly served.

*Appeal from Kossuth District Court.*—HON. LOT
THOMAS, Judge.

WEDNESDAY, MAY 23, 1894.

*Geo. E. Clarke* for appellant.

*W. B. Quarton* for appellee.

KINNE, J.—I. The facts in this case are that plain-
tiff commenced an action before a justice of the peace,
against defendant. An original notice was issued, and
placed in the officer's hands for service. He made due
and proper service of it, except that in the copy which
he gave the defendant he spelled the defendant's name
"Huhn" instead of "Kuhn." His return showed
proper service on defendant by the correct name. On
the return day, defendant not appearing, judgment
was rendered by the justice against him. Within the
time allowed by law, defendant appeared, and filed a
motion and affidavit to set aside the default because of
said error, and claiming that by reason thereof no
notice of the pendency of the action had been served
upon him. To this showing he attached the copy of
the notice left with him by the officer, in which his
name was given as "Huhn." Whereupon, the justice
set aside the default, and set a time for the trial of the
cause. From the justice's ruling, a writ of error was
taken to the district court, which sustained the writ,
reversed the action of the justice, and remanded the
case to the justice, with instructions to overrule and
deny the motion and application. To this order and
judgment, defendant excepted, and obtained from the
judge a certificate embodying the above facts, and set-
ting forth the following questions of law, upon which
the opinion of this court is desired: *"First.* Did the
justice of the peace err in setting aside the judgment
by default, and granting a retrial of the cause? *Sec-*

*ond.* Did the district court err upon the hearing in reversing the action of the justice of the peace, in setting aside the judgment by default, and in sustaining the writ of error sued out by plaintiff? *Third.* Did the application and motion by the defendant Kuhn, filed with the justice, to have the judgment by default set aside, and a retrial of the cause granted, give any discretion to the said justice whereby he was authorized under the law to set said judgment by default aside and order a retrial of the cause?"

II. Our statute relating to the powers of justices of the peace provides: "Judgment dismissing the cause, or by default may be set aside by the justice at any time within six days after being rendered, if the party applying therefor can show a satisfactory excuse." Code, section 3543. Defendant based his application to set aside the default upon the ground that, by reason of the defective copy left with him, there had been no such service of notice as gave the justice jurisdiction to enter judgment in the case. Now, the notice given to the officer, and the return thereon, showed that defendant was sued by his right name, and that the notice was "read to and in the presence and hearing of William H. Kuhn," etc. It is clear that, upon the notice and return, the justice was warranted in rendering judgment as he did. Was there a satisfactory excuse for setting it aside? It was said in *Stivers v. Thompson*, 15 Iowa, 2: "Very much is necessarily left to the discretion of the justice in judging of a satisfactory excuse. Unless it has been clearly abused, there should be no interference with its exercise." Now, the facts set forth upon which the motion to set aside the default was based do not show, or even tend to show, that defendant was in any way misled, whereby he failed to appear on the return day and make defense. See *Browning v. Gosnell*, 91 Iowa, —, 59 N. W. Rep. 340. There is no claim that, by the reading of the notice to him by the

officer, he was not fully advised of the fact that he was the man sued, and that the spelling of the name in the copy was an error. But the defendant relied on said mistake as defeating the jurisdiction of the court to enter a judgment. By a satisfactory excuse is not meant any excuse, no matter what it may be, that may satisfy the justice. But it must be such an excuse as, in law, will be satisfactory. This discretion which is vested in the justice is a legal discretion, not an arbitrary one, to be exercised regardless of legal requirements. It seems to us that the excuse given was not "satisfactory" within the contemplation of the law. In *Journey v. Dickerson*, 21 Iowa, 312, it is said: "In the case of actual service, there is certainly much reason in the doctrine that, if the defendant is misnamed, he should nevertheless appear and plead the same in abatement, or in some manner raise the objection; and that, if he fails to do so, he shall not afterward be heard (especially in a collateral proceeding) to question the regularity of the judgment. For, when thus served, he is advised by the writ, the law, and its officer, that he is the man against whom the judgment is asked, and he at his own peril fails to give heed to the command." We think the justice clearly erred in setting aside the default and judgment on the showing made, and the district court properly so held. The first question, then, must be answered in the affirmative; the second and third questions, in the negative. The judgment below is AFFIRMED.