WILLIAM ARTS, v. JUACKIN ROCKSIEN, et al., Appellants.

**Notice in Justice Court:** JURISDICTION: *Construction of statute.* While Code, section 3519 provides that such a notice "must be subscribed by the plaintiff or the justice," a judgment by default upon a notice signed "G. W. Korte, Attorney for plaintiff," is not void for want of jurisdiction.

SETTING DEFAULT ASIDE. Code, section 3543, provides that the justice may set the judgment aside upon the showing of "a satisfactory excuse." Where no excuse is presented except that the notice was thus signed, a refusal of the justice to set aside the judgment should not be interfered with, on writ of error to the district court.

**Cost of Printing:** MOTIONS. Since it is the usual practice to argue a motion submitted with the main case on appeal, in print, along with the arguments on the main case, costs of preparing printed arguments on motion to dismiss the appeal will, on affirmance, be charged against appellants.

*Appeal from Carroll District Court.* — HON. Z. A. CHURCH, Judge.

MONDAY, MAY 25, 1896.

THIS case had its origin before a justice of the peace, where a judgment by default was rendered against the defendants for the possession of a farm. The defendants appeared before the justice, and moved to set aside the default. The motion was overruled. The defendants then removed the cause to the district court by writ of error. A hearing was had in the district court, and the writ was dismissed and the

action of the justice of the peace sustained.    Defend-
ants appeal.—*Affirmed.*

*Douglas Rogers* and *B. I. Salinger* for appellants.

*George W. Korte* for appellee.

ROTHROCK, C. J.—The action before the justice of
the peace was for forcible detainer of the possession of
a large farm.    It appears from the record that the
plaintiff had leased the farm to the defendants, and in
the petition which he filed before the justice of the
peace, it was charged that the defendants had for-
feited their rights under the contract of lease, and
were wrongfully holding possession of the land.    The
petition. was in proper form, and if the averments
thereof were true, the plaintiff was entitled to a judg-
ment for the possession of the property.    The action
was commenced before the justice of the peace on the
twenty-second day of February, 1895, and on the same
day an original notice was properly served on
the defendants.    There was no real defect in
the proceedings, with the single exception that
the original notice was not signed by the plaintiff, or
by the justice of the peace.    It was signed as follows;
"George W. Korte, Attorney for Plaintiff."    It is
required by section 3519, of the Code, that a notice of
the commencement of an action before a justice of the
peace "must be subscribed by the plaintiff, or the
justice before whom it is returnable."    It is provided
by section 3543, of the Code, that a judgment by
default before a justice of the peace "may be set aside
by the justice at any time within six days after being
rendered, if the party applying therefor can show a
satisfactory excuse."    And section 3544 is as fol-
lows: "In such case a new day shall be fixed
for trial, and notice thereof given to the other

party or his agent." It appears that after the judgment was entered, and before the motion was made to set it aside, the defendants were dispossessed of the property. In the motion made before the justice to set aside the judgment, it was averred that the justice had no jurisdiction of the defendants, because the notice of the action was not signed by the plaintiff, or by the justice of the peace. Other grounds for setting aside the judgment are stated, but need not be repeated here, because the mere statement of them would show that they are without merit. The motion demanded that a writ issue, placing the defendants back in possession of the farm, and that the action be dismissed. The notice, which was duly served on the defendants, was a defective notice, because it was signed by the plaintiffs' attorney. But there is a wide distinction between a defective notice and no notice. The justice of the peace had jurisdiction, and if the defendants were misled by the defective notice, so that they failed to appear on the return day, that fact should have been presented to the justice of the peace when the motion was made to set aside the default. A "satisfactory excuse" must be shown by the party making the application. That was a question for the justice of the peace to determine upon sufficient evidence. No showing whatever was made, except the claim of want of jurisdiction because the notice was not signed by the proper person. The justice of the peace and the district court, doubtless, followed the case of *Shuver v. Klinkenberg*, 67 Iowa, 544 (25 N. W. Rep. 770), which, in effect, determines every question here presented. See, also, *Breen v. Kuhn*, 91 Iowa, 325 (59 N. W. Rep. 344).

II. Complaint is made by appellants because the appellee filed an abstract which was unnecessary, and a motion was presented to tax the cost thereof to the appellee, together with the cost of three or four pages

of argument on a motion by appellee to dismiss the appeal. These motions are overruled. The appellee's abstract was absolutely necessary to properly present the material question in the case. And when motions are submitted with the case it is the usual practice to argue them in print, with the argument on the main case. The appellee's motion to dismiss was on the ground that no exception was taken to the order dismissing the writ of error. It appears that after appellee made the motion in this court the record in the court below was corrected so as to show that an exception was taken. The judgment of the district court is AFFIRMED.