# BOSTAIN AND KINSTLER vs. THE DE LAVAL SEPARATOR COMPANY.

*Sale on Approval—Agreement to Extend Time—Notice of Disapproval to be Given Within a Reasonable Time—Evidence as to Time of Receipt of a Letter.*

When the terms of sale provide that the buyer shall have a certain time within which to try and approve the article sold, then if he retains the article and fails to give the seller notice of his disapproval within a reasonable time after the expiration of the period limited, an approval and acceptance may be inferred and the buyer is liable for the price. What is a reasonable time is a question of fact.

Plaintiff sold a machine to the defendants agreeing that the latter should have thirty days in which to test and approve or reject the article. Before the expiration of the thirty days plaintiff's agent agreed to extend the time for approval to May 12th, and that the agent would, on that day call at defendants' factory to ascertain the result. He did not do so, but wrote from another city a letter dated May 15th, saying that he had been prevented by illness from calling on May 12th. On May 20th, defendants wrote to plaintiff saying that the machine was unsatisfactory and asking for its removal. Plaintiff replied that the sale had been approved and refused to receive the machine. In an action to recover the price the jury was instructed that if the plaintiff's agent sent the letter of May 15th, and the defendants did not within a reasonable time thereafter notify plaintiff of their purpose to reject the machine, then the plaintiff is entitled to recover. *Held*, that this instruction was erroneous, because it required the jury to find that the defendants gave notice to the plaintiff of the rejection of the machine within a reasonable time after the *sending* of the letter of May 15th, instead of a reasonable time after the receipt of the letter, there being no evidence in the case as to the time when defendants received the letter, nor of the time, when and place where it was posted, nor of the length of time required for the transit of a letter from the place where posted to the place where received.

The fact that a letter received by a party and offered in evidence is dated "Philadelphia, May 15th," does not *per se* authorize a jury to find that it was then and there posted.

Appeal from the Superior Court of Baltimore City (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE and SCHMUCKER JJ.

*Philip Bartley Watts* and *George Weems Williams* for the appellants.

*George Whitelock* and *J. Hanson Thomas* for the appellees.

SCHMUCKER, J., delivered the opinion of the Court:

The appellee conducts at Poughkeepsie, in the State of New York, the manufacture of machines known as separators, which are used to separate cream from milk. The appellants are residents of Baltimore City but they carry on a dairy farm and creamery at Delta, in Pennsylvania.

The appellee sued the appellants in the Superior Court of Baltimore City for the price of two separators which it had sold to them on approval and which it claimed they had approved. The appellants having filed general issue pleas to the action admitted at the trial that they had purchased the separators on approval but insisted that after a fair trial they had rejected them. The main issue thus practically became one of the approval or rejection of the separators by the appellants, and it was finally narrowed down to the question whether they had given notice of their disapproval of the separators to the appellee within a reasonable time after the expiration of the period allowed for approval.

There was evidence tending to prove the following facts: The appellants were by the terms of the sale to have thirty days after the separators were set up in their creamery for their approval. One of the separators was set up in the creamery on April 5th, 1899, with the understanding that the sale of both was to depend upon the approval of that one. On May 2nd, a few days before the expiration of the thirty days allowed for the approval of the sale, Mr. Savage, the travelling representative of the appellee, met one of the appellants in Baltimore and it was then agreed that the time for the approval of the separators should be extended to May 12th. There is a conflict of testimony as to whether it was also agreed that Savage was to go to the creamery at Delta on May 12th to learn whether the appellants approved the separators. He did

not go to the creamery on the 12th, but he subsequently wrote a letter dated "Philadelphia, May 15th, 1899," to Mr. Hitchcock, the appellants' agent at the creamery, explaining that owing to illness he had been unable to get there on the 12th "as per agreement" and enclosing a statement of an account charging the appellants with the contract price of the two separators.

On May 20th, 1899, the appellants wrote to the appellee that the separators were unsatisfactory and asked that they be removed from the creamery. To this letter the appellee promptly replied refusing to take back the separators upon the ground that the notice of disapproval came too late and insisting that the conduct of the appellants amounted to an approval of the sale. On May 30th the appellants shipped the separators by railroad to the address of the appellee and notified it by letter of the shipment. The appellee replied by letter that it would not receive the machines except possibly receive and care for them for account of the appellants, and that it would be guided by the advice of its counsel in whose hands it would place its account against the appellants.

The evidence introduced at the trial of the case did not account for the separators after they had been shipped by the appellants on May 30th to the address of the appellee, but affidavits and exhibits filed in support of a motion, which was made to strike out the judgment, disclosed the fact that they had been seized on June 19th, 1899, under an attachment sued out in the State of New York by the appellee against the appellants for the debt sued for in the present case and had been condemned and sold under an execution in the attachment case.

At the trial of the case in the Superior Court three exceptions were taken by the appellants, one to the Court's action on the prayers and two to the admission of certain evidence. A fourth exception was taken by them to the refusal of the Court to grant their motion to strike out the judgment. We will first consider the exceptions to the Court's action upon the prayers.

The appellee as plaintiff below offered six prayers, of which

the Court granted the third, fourth and sixth, in the form in which they were offered and granted the first and second with a modification. The appellants, as defendants, offered eight prayers of which the Court granted the first two and rejected the others.

The plaintiff's first prayer in substance was that if the jury found that one of the terms of the sale of the separators was that the defendants should be allowed a stated time for the approval of them and they retained the separators until after the expiration of that period and did not within a reasonable time thereafter notify the plaintiff of their disapproval, then the jury should infer an approval and acceptance of the separators by the defendants and render a verdict for the plaintiffs. The plaintiff's second prayer instructed the jury that while it was necessary for them to find an approval of the separators before they could find a verdict for the plaintiff, such approval need not have been expressly given but was to be inferred from the retention of the separators by the defendants beyond the contract time for approval without giving notice of their disapproval to the plaintiff within a reasonable time.

These two prayers correctly state the law in reference to sales of goods on approval as laid down by this Court; *Spickler* v. *Marsh*, 36 Md. 222; *Delamater* v. *Chappell*, 48 Md. 244; *Latrobe* v. *Winans*, 89 Md. 655; but the second prayer was defective in failing to notice or require the jury to pass upon the evidence in the case tending to show an agreement for an extension of the time for the approval of the separators made between the parties subsequent to the sale, or the evidence tending to show an agreement that the appellee's agent, Savage, would go to the creamery at Delta to learn from the appellants whether they approved the separators.

The learned Judge below added to each prayer before granting it the proviso; unless the jury should also find that there was some new arrangement between the parties consistently with which the defendants so retained the separators without approval, and that the burden of proof of such new arrangement, if any, was upon the defendants. The terms of this

modification introduced into the prayers by the Court is rather broad, in that it leaves to the jury to find both the fact and the legal effect of *any* new arrangement between the parties touching the giving of notice of disapproval, instead of instructing the jury as to the effect of the particular kind of new arrangement of which there was evidence in the case, but the latitude of the instruction in that respect was in favor of the defendants and it therefore affords them no ground of reversal.

The plaintiff's third prayer was directed especially to the alleged new arrangement that Savage was to go to Delta on May the 12th, to learn the defendants' decision in reference to the separators. It is as follows : "If the jury find that the period of thirty days for the approval by the defendants of the separators mentioned in evidence expired on May 12th, 1899, and that the witness Savage had theretofore stated to the defendants' manager that he would return to Delta on that day to learn the decision of the defendants as to keeping or returning said separators, but that said Savage was unable so to return on May 12th, 1899, and accordingly sent to the said manager at Delta, Pa., the letter of May 15th, 1899, offered in evidence by the defendants, and that the defendants did not within a reasonable time thereafter notify the plaintiffs of their purpose to reject said separators the verdict of the jury should be for the plaintiff."

This prayer was erroneous in requiring the jury to find that the defendants gave notice to the plaintiffs of the rejection of the separators within a reasonable time after the *sending* by the plaintiff *of the letter* of May 15th, instead of a reasonable time after the *receipt* of the letter by the defendants. If there had been proof in the case of the date on which the letter was mailed and also of the time ordinarily consumed in the transit of letters by due course of mail from the point at which the letter was mailed to Delta, where the defendants' creamery was located, the jury might with propriety have been instructed that they should in the absence of evidence to the contrary, infer that the letter had reached its destination by due course of mail ; (*Marston* v. *Bigelow*, 150 Mass. 45; *Pennypacker* v.

*Central Ins. Co.,* 80 Iowa, 56), and might have been further instructed that the defendants were required within a reasonable time after its arrival to notify the plaintiff of their purpose to reject the separators.  The fact of the receipt of the letter was clearly proven, but there was no evidence of the time of its receipt nor of the time or place at which it was mailed nor of the period consumed in the transit of letters by due course of mail between the point at which it was mailed and the place of its destination.

The letter, it is true, is dated "Philadelphia, May 15th, 1899," but the jury would not from that circumstance alone have been justified in concluding that it was mailed in Philadelphia on the 15th, and even if they could have so concluded, there was no evidence of what was the due course of mail between that city and Delta, by which they could have fixed the time at which it would have been proper to charge the defendants with the receipt of the letter.  There was evidence tending to prove the other facts stated in the prayer now under consideration and, if the jury believed that evidence, then the reasonableness of the time, which elapsed between the receipt by the defendants of this letter of May 15th, and the giving of the notice contained in their letter of the 20th of the same month to the plaintiff, became the crucial point in the case and the failure to give to the jury accurate instruction as to the method of ascertaining from the evidence the date at which that time began to run constitutes reversible error and the judgment appealed from must for that reason be reversed.

The plaintiffs fourth prayer asserting that proof of delivery of the separators on May 30th to the railroad company at Delta was not evidence of their receipt or acceptance by the plaintiff, and its sixth prayer stating the measure of damages in the event of a verdict in its favor, were unobjectionable and were properly granted.

The defendants rejected prayers were all properly rejected. Their second prayer asserts the proposition that if they notified the plaintiff of their disapproval of the separators, they were under no obligation to return them, but it entirely ignores the

reasonableness of the time within which the notice was given.

Their third prayer was defective in not requiring the jury to find that the plaintiff received and accepted the separators when they were shipped back to it, and also because it leaves out of view the fact of the approval or rejection of the separators by the defendants.

Their fourth, fifth, sixth and seventh prayers consist of requests to charge the jury that there was no evidence legally sufficient to enable the plaintiff to recover upon the declaration or upon any one of its first three counts. The declaration contained the common counts for goods bargained and sold, work done and materials provided, and for money due upon accounts stated between the parties, and also a special count on the sale of the two separators. It is apparent from what we have already said as to the testimony that there was evidence in the case legally sufficient to enable the plaintiff to recover on any of these counts. This Court has repeatedly said that the power to withdraw a case from the jury should be cautiously exercised and a prayer having that effect should not be granted if there is any evidence even though it be slight tending to support the plaintiffs' case.

The two exceptions to the admission of evidence were based upon the objection made by the appellants to questions put by the appellee to the witnesses, Hitchcock and Savage, as to the relative results obtained from the use of De Laval separators and those in use at the appellants creamery before the De Laval machine had been put upon trial. Before either of the questions objected to was put Hitchcock had already testified that he was not satisfied with the De Laval machine because it took more coal to run it for a certain quantity of milk and more oil and didn't make any more butter to the hundred than the one they had. The questions objected to were within the proper limits of cross-examination and were also permissible for the purpose of testing the *bona fides* of Hitchcock in disapproving of the De Laval separators, and the objections were properly overruled.

It being apparent that the judgment appealed from must be reversed because of the error in granting the plaintiffs' third prayer it becomes necessary for us to consider the action of the learned Judge below in refusing the motion to strike it out. *Judgment reversed and cause remanded for a new trial.*

(Decided January 18th, 1901.)