RUSSELL H. ASHPOLE, Petitioner, v. E. P. DELANEY, Municipal Judge, Respondent.

No. 42045.

MARCH 6, 1934.

F. H. Schwirtz, for petitioner.

John L. Wolfe, for respondent.

DONEGAN, J.—■ This is an original writ of certiorari to E. P. Delaney, judge of the municipal court of the city of Clinton, Iowa, to determine the correctness of the judgment and order of said court in a forcible entry and detainer action. The defendant in such forcible entry and detainer action is the petitioner herein.

The petitioner in this case was a tenant under a written lease of a certain farm in Clinton county, Iowa. The lease terminated on February 28, 1933. On this day, February 28, 1933, the landlord caused a written notice to be served on the petitioner, which is in part as follows:

"You are hereby notified to vacate and surrender to the undersigned, forthwith, the following described real estate situated in Clinton County, State of Iowa, to wit: [Description of Real Estate.]

"By reason of expiration of the term of a certain lease made and executed on the 20th day of February, 1933, between L. A. Andrew, Receiver of the Lyons Savings Bank, Clinton, Iowa, and yourself; and for failure to pay the rent due under said lease."

The petitioner having failed to surrender the premises, the landlord, on the 14th day of March, 1933, commenced an action of forcible entry and detainer in the municipal court of the city of Clinton, Iowa.

On March 21, 1933, the petitioner filed a special appearance in which he alleged that the court was without jurisdiction in the action of forcible entry and detainer, because of the insufficiency of the notice served to comply with the requirements of section 12265 of the Code, and asked that the action be dismissed.

On March 27, 1933, the petitioner's special appearance was overruled, and he was given three days' time to plead. Not having filed any pleading, judgment was entered on the 31st day of March, 1933, declaring that the landlord was entitled to the possession of the premises.

The only question involved in this case is the sufficiency of the notice to quit which was served upon the petitioner. Section 12265, of the Code of 1931, is as follows:

"12265. * * * Before action can be brought in any except the first of the above classes, three days' notice to quit must be given to the defendant in writing."

It will be noticed that by the provisions of this section the

tenant holding over must be given "three days' notice to quit." Did the notice requiring him "to vacate and surrender to the undersigned, forthwith," the property involved comply with the requirements of the statute? Attorneys for both sides admit that they have not been able to find any case exactly in point.

The remedy of forcible entry and detainer is purely statutory. Section 64 of the Code of 1931, having reference to the construction of statutes under the Code, provides that:

"The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this code. Its provisions and all proceedings under it shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice."

In interpreting the statute in question, therefore, we must give it a liberal construction with a view to promote its object. The object of our forcible entry and detainer statutes is to enable a person entitled to the possession of real estate to obtain such possession from any one illegally in the possession of same. It appears in this case that the term of the written lease had expired. The defendant-petitioner, therefore, knew that his right to the possession of said real estate terminated on the 28th day of February. No notice was required to terminate his right to possession or to bring the respondent's right to possession into existence. Three days' notice was required before respondent could bring an action to oust the petitioner. Upon being served with the notice to deliver such possession forthwith, petitioner must have known that the purpose of such notice was to comply with the requirement of the statute as to notice before an action of forcible entry and detainer could be instituted. The petitioner could not have misunderstood the purpose of the notice. He knew that the term of the lease had expired, and he knew that he was not entitled to the possession of the property, and he could not have confused this notice with a notice terminating a tenancy at will.

It will be noted that the statute does not say that the notice shall require the party to quit within three days, and does not require that a date be fixed for the time when the party holding the possession shall quit.

The use of the word "forthwith" in the notice cannot be held to have misled the appellant, because the meaning to be given

this word depends upon the connection in which it is used. This word is not synonymous with the word "immediately", and it has been construed frequently as meaning "within a reasonable time." See Burchett v. Casady, 18 Iowa 342; Faivre v. Mandercheid, 117 Iowa 724, 90 N. W. 76; Pennypacker v. Insurance Co., 80 Iowa 56, 45 N. W. 408, 8 L. R. A. 236, 20 Am. St. Rep. 395; Lucas v. Western Union, 131 Iowa 669, 109 N. W. 191, 6 L. R. A. (N. S.) 1016; Farmers Mercantile Co. v. Insurance Co., 161 Iowa 5, 141 N. W. 447.

The use of this word in the notice did not mean that the petitioner was notified to quit the possession of the premises in less than three days. As a matter of fact, the action of forcible entry and detainer was not commenced until the 14th day of March, although the notice had been served on the 28th day of February. That the action was not commenced immediately upon the expiration of the three days from the service of the notice was a matter of which the petitioner could not complain. Shuver v. Klinkenberg, 67 Iowa 544, 25 N. W. 770; McKay Co. v. Savery House Hotel Co., 184 Iowa 260, 168 N. W. 295.

We think the notice served was sufficient to satisfy the object of the statute and to give the court jurisdiction in the action of forcible entry and detainer thereafter instituted.

The judgment of the trial court is therefore sustained, and the writ is annulled.—Writ annulled.

EVANS, ALBERT, KINDIG, and STEVENS, JJ., concur.