RUTH E. WRIGHT, Executrix, Appellee, v. A. G. ZACHGO, Appellant.

No. 43786.

FEBRUARY 16, 1937.

Prichard & Prichard and Ralph C. Prichard, for appellee.

Robert B. Pike and Larned F. Brown, for appellant.

STIGER, J.—This is an action of forcible entry and detainer to recover possession of real estate on the ground that defendant, as lessee, held over after the termination of a written lease.

Wallace E. Mathews, at the time of his death in September, 1934, was the owner of an undivided two-thirds interest in the 320 acres involved in this suit, the other one-third being owned by Frank Skipton, S. Skipton and David Skipton. For many years prior to the death of Mr. Mathews he had leased the real estate, on behalf of himself and the other owners, to the defendant. At the time of the death of Mr. Mathews, defendant was in possession of the premises under a written lease executed by Mr. Mathews, which expired March 1, 1935. The will of the decedent was admitted to probate in Des Moines County, his residence, and the plaintiff, Ruth Wright, was appointed executrix under the will December 4, 1934.

On January 25, 1935, the plaintiff, as executrix of the estate of Wallace E. Mathews, entered into a written lease of the premises from March 1, 1935, to March 1, 1936. On March 6, 1935, the probate court entered an order authorizing the plaintiff to sell the real estate, subject to the rights of the defendant under his lease, to pay debts of the estate, and approved a contract for the sale of the real estate to H. H. Erwin. The Skiptons joined in said contract. The evidence does not show when Erwin was to have possession.

On August 7, 1935, the plaintiff served a notice on the defendant to quit the premises March 1, 1936. The defendant having refused to surrender possession at the termination of the written lease with the plaintiff, the plaintiff commenced this suit on March 11, 1936.

The defendant filed an answer alleging that the plaintiff, as executrix, did not have any right, title or interest in the real estate; that the devisees were present and competent to take possession of the real estate and rent the same as contemplated by Code section 11952; that at the time of the death of the decedent, defendant was in possession of the real estate under a written lease with him which expired March 1, 1935, and that after the expiration of said lease the defendant remained in

possession of the premises as a tenant holding over after the expiration of his lease with the knowledge of the owners who were the devisees under the will of decedent and the Skiptons and continued in peaceable possession for more than thirty days and became a tenant at will and that said tenancy has not been terminated by the thirty days notice required by law. The defendant further stated that the husband of the plaintiff, Elmer F. Wright, as agent of the plaintiff, stated to him at the time the written lease was entered into with the executrix that the plaintiff was the executrix of the estate and the proper party to execute a binding contract of lease; that the defendant relied on said statement and believed that plaintiff was the proper party to make said lease; that by reason of said misrepresentation and mistake the contract was null and void and no relation of landlord and tenant arose between the parties; that the notice to quit served on the defendant did not comply with the requirements of Code section 12265 and that as the notice was dated August 9, 1935, it did not comply with the requirements of the statute as to time of service. The defendant further alleged that on February 15th, the plaintiff, as executrix, contracted to sell the real estate to H. H. Erwin for the purpose of paying the debts of decedent which sale was approved by the court on March 6, 1935, and that because of said sale the plaintiff had no interest in the real estate at the time the notice to quit was given.

At the close of plaintiff's evidence, defendant's motion for a directed verdict was overruled. At the close of all the testimony defendant renewed his motion and plaintiff moved for a directed verdict. The trial court sustained plaintiff's motion for a directed verdict and overruled the defendant's motion. A judgment on the verdict against the defendant was entered which provided that the defendant be removed from the premises and that the plaintiff be put in possession and that an execution for defendant's removal issue. Defendant appeals.

I. The first assignment of error is that the notice to quit did not meet the requirements of Code section 12265 and that there was an unreasonable lapse of time (7 months) between service of the notice to quit and the commencement of the action which rendered the notice invalid and plaintiff should have given another notice to quit.

**■■■** The plaintiff served on the defendant the following notice to quit.

"To — A. G. Zachgo:

"You are hereby notified that the lease which you have for what is known as the Wallace Mathews farm will expire and all your rights therein will cease by the first day of March, 1936, and you are, therefore, required to deliver possession of the farm to me at that time all in accordance with the lease heretofore executed.

"You will, therefore, take notice and govern yourself accordingly.

"Dated this 9th day of August, A. D., 1935.

"Ruth E. Wright,

"Executrix of the will and Estate of Wallace Mathews, deceased."

The purpose of the notice was clearly expressed and met all the requirements of the statute.

A notice to quit must be given before the commencement of the action and the lapse of time did not affect the validity of the notice. The defendant cannot complain that he was given more than the statutory time in which to prepare to yield possession of the premises to the plaintiff. Ashpole v. Delaney, 217 Iowa 792, 253 N. W. 30; McLain v. Calkins, 77 Iowa 468, 42 N. W. 373; Shuver v. Klinkenberg, 67 Iowa 544, 25 N. W. 770.

II. Another assignment of error is that the plaintiff had no power to bind the estate and the written lease entered into between the parties January 25, 1935, was null and void.

**■■■** The appellant takes the position that the will of the decedent did not confer authority on the plaintiff to lease the property, and that the devisees were present and competent to take possession thereof and plaintiff therefore had no authority to lease the land under Code section 11952.

Assuming both statements are true, they avail appellant nothing in this action.

On January 25, 1935, the plaintiff as executrix of the estate of Wallace Mathews, deceased, and the appellant entered into a written lease of the premises from March 1, 1935, to March 1, 1936. This agreement and the taking possession of the premises under the agreement by defendant created the relation of landlord and tenant. It was not necessary that the landlord have

title to or an interest in the demised premises. The foundation of the doctrine of an equitable estoppel on the part of the defendant to deny the title of his landlord is the occupation of the premises by the tenant by permission of the landlord. Mau v. Rice Bros., 216 Iowa 864, 249 N. W. 206; Beck v. Minnesota & Western Grain Co., 131 Iowa 62, 107 N. W. 1032, 7 L. R. A. (N. S.) 930; 35 C. J. 1228. The defendant remained in the undisturbed possession of the premises throughout the term of the lease. We stated in McKenney & Seabury v. Nelson, 220 Iowa 504, 509, 262 N. W. 101, 103, that, " 'No rule is better settled by the decisions than the general one that a tenant in undisturbed possession of the demised premises is estopped to deny the title of the landlord.' "

The defendant has not brought himself within any of the exceptions to the rule such as fraud, duress or mistake, and is estopped to deny his landlord's title. The defendant held possession of the premises after his lease expired and has no defense for his refusal to surrender possession at the termination of his lease.

The position taken by appellant that the plaintiff, as executrix, had no authority over the real estate because the title passed under the will to the devisees is not supported by the record. His own evidence refutes his position. The appellant introduced evidence that plaintiff, as executrix, obtained an order in the estate in March 1935 from the probate court authorizing her to sell the premises to pay debts of the estate and this order was subject to the rights of defendant in the written lease. Appellant's evidence further shows that the 1935 rent was paid to the plaintiff, as executrix, and to the Skiptons. No one interested in the real estate has questioned her right to receive the rents. So far as is disclosed by the record, the plaintiff was, in fact, in legal possession of the premises during the term of the lease.

It should be stated that the original plaintiffs in this suit consisted of the plaintiff, all devisees under the will, the Skiptons, who had joined with the executrix in the contract of sale to the premises to Erwin, H. H. Erwin and Millenberger, lessee for the year of 1936. That is all persons who had any interest in the premises joined as plaintiffs. On motion of the defendant, all the plaintiffs were stricken except Ruth E. Wright, executrix.

The appellant having accepted the lease with the plaintiff,

which created the relation of landlord and tenant, there is no merit in his contention that he was in possession of the premises as a tenant at will.

Appellant's other assignments of error are concluded by our disposition of the above assignments of error.

The rulings and judgment appealed from are affirmed. It is ordered that a procedendo issue forthwith.—Affirmed.

RICHARDS, C. J., and DONEGAN, MITCHELL, ANDERSON, SAGER, PARSONS, KINTZINGER, and HAMILTON, JJ., concur.