WILLIAM SMITHDEAL and wife *v.* ROBERT H. SMITH.

*Land* cannot pass by a *nuncupative* will.

PARTITION of land, before *Cloud, J.,* at Fall term 1869, of ROWAN Court.

The plaintiffs alleged that they were tenants in common

with the defendant, of the land in question, and asked judgment for a partition.

The defendant answered, admitting a tenancy in common in which he was entitled to two-thirds, and the *feme* plaintiff to one-third only: claiming that heretofore a third person was entitled in equal proportions with the *feme* plaintiff and himself, and that upon such person's death, he left his share, by will, to the defendant.

The plaintiffs replied, claiming an *equal* share with the defendant, and alleging that the will in question was nuncupative, and therefore could not convey land.

Upon the trial of this issue before the Clerk, he gave judgment for the plaintiff, and this, upon appeal, was affirmed by the Judge of the District, whereupon the defendants appealed to this court.

*Blackmer & McCorkle* for the appellants.
*B. Craige* and *R. A. Caldwell, contra.*

PEARSON, C. J. The position that land can pass by a nuncupative will, cannot be supported.

At common law, land could not be devised. Statute 32 Hen. VIII, allows any person having land held by military tenure, to devise two-thirds thereof, and any person having land held by *socage* tenure, to devise the whole, provided the devise be made in writing, signed by the testator. By statute 12 Car. II, all land held by military tenure, is converted into land held by free and common *socage*, and the legal effect is to make all land, except copy-hold, devisable by will in writing, *signed* by the testator. Soon after the passage of the statute of devises, the word "signed" was held by judicial construction to mean, the writing of his name by the testator in any part of the instrument. To prevent fraud, it is provided by 29 Car. II, that wills to be valid to pass land, must be *subscribed* by three or more credible witnesses in the presence of the testator.

This reference to the statutes on the subject, is made for the purpose of showing that the use of the word " estate " in the act in regard to nuncupative wills, Rev. Code, ch. 119, s. 11, cannot be allowed the effect of embracing land; for although the word in its general sense is broad enough to include land, yet it is obviously not used here in so broad a sense. If the purpose had been to make an entire change in the law, and to depart from the policy of the statutes 32 Hen. VIII, and 29 Car. II, plain and positive words were called for; and so great an effect cannot be allowed the incidental use of a single word, upon any sound principle of construction.

PER CURIAM.                    Judgment affirmed.