JAMES LOUGHREN, Appellant, v. B. F. BONNIWELL AND
Co., B. F. BONNIWELL, and C. E. ILIFF, Sheriff of
Buchanan County.

**Justices of the peace:** STENCIL SIGNATURE TO ORIGINAL NOTICE. The
signature of a justice of the peace to an original notice when
affixed at the proper place by means of a facsimile stamp, is suffi-
cient to confer jurisdiction: but if irregular, it would be voidable
only,, and not subject to collateral attack.

**Original notice signed in blank:** JURISDICTION. An original notice
signed by a justice in blank and delivered to the plaintiff or his
attorney with authority to fill out the same, will, when properly
served, confer jurisdiction; but if held otherwise would only
constitute an irregularity not subject to collateral attack.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE,
Judge.

TUESDAY, NOVEMBER 15, 1904.

SUIT in equity to enjoin the collection of a judgment
rendered in favor of defendant B. F. Bonniwell & Co.
against plaintiff herein by a justice of the peace in and for
Polk county, Iowa. A temporary writ of injunction was
issued, and, upon the filing of an answer, defendants moved
to dissolve the temporary writ.. The answer was a general
denial of the allegations of the petition, but plaintiff offered
testimony in support of the writ, and at the conclusion of
the evidence the trial court dissolved the injunction and
dismissed plaintiff's petition. Plaintiff appeals.— *Af-
firmed.*

*H. W. Holman* and *Charles Mackenzie,* for appellant.

No appearance for appellee.

DEEMER, C. J.— The action before the justice of the peace was upon a written contract, which, by its terms, was to be performed in Des Moines, Polk county, Iowa.   An original notice, regular on its face, save that it was signed in the name of the justice with a stencil stamp, and dated November 1, 1902, was duly served upon the plaintiff herein in Buchanan county, Iowa — that being the place of his residence — returnable November 17, 1902.   Plaintiff did not appear in response to this notice, and judgment was rendered against him by default.   This suit is not a direct, but a collateral attack upon that judgment; and the ground of the action is that the justice had no jurisdiction over plaintiff herein, for the reason that he did not sign the original notice with his own hand, and did not fill out the said notice before delivering it to the party who served it, but simply gave him a blank notice signed with a stencil stamp bearing a fac-simile of the justice's signature, which was afterward filled in and served upon the plaintiff. Fraud in obtaining the contract upon which the action before the justice was bottomed and in obtaining judgment is also pleaded, but neither of these matters is material to our inquiry in this case.   If the justice had jurisdiction, plaintiff is precluded, by the judgment, from now pleading fraud in the procuring of the contract upon which the justice's judgment was bottomed.   And there is no evidence of any fraud in obtaining the judgment before the justice.

The sole inquiry is, had the justice jurisdiction of the case brought before him ?   It is contended that the stencil signature of the justice to the original notice was no signature, and that the notice when it left the justice's hands was a mere blank piece of paper, which could not be validated by the act of a third person in filling out the notice.   Section 4488 of the Code provides that an original notice in justice's court " must be subscribed by the plaintiff, his attorney, or the justice of the peace before whom it is returnable."   It is

1. JUSTICES OF THE PEACE: stencil signature to original notice.

contended that the word "subscribe" means to write under or to set one's hand to a writing, and that the signing by a fac-simile stencil stamp will not suffice. The better definition, we think, as applied to the word used as in the statute in question, is to set under or to write under, as opposed to a signature at some other place. It refers rather to the place of signature than to the manner thereof; that is to say, the signature must be at the end of the instrument, rather than at some other place. Of course, the instrument must be signed by a person authorized by statute, but this signature need not be made with pen and ink, or even with a pencil. A mark or signature made by another with authority, or even a printed signature, intended as such, has generally been held sufficient. *Zacharie v. Franklin,* 12 Pet. U. S. Rep. 161 (9 L. Ed. 1035); *Shank v. Butsch,* 28 Ind. 19; *Compton v. Mitton,* 12 N. J. Law, 70; *Vines v. Clingfost,* 21 Ark. 312; *Hamilton v. State,* 103 Ind. 96 (2 N. E. Rep. 299, 53 Am. Rep. 491); *Hawkins v. Chase,* 19 Pick. 504; *Brown v. Bank,* 6 Hill (N. Y.) 443 (41 Am. Dec. 755); *Herrick v. Morrill,* 37 Minn. 250 (33 N. W. Rep. 849, 5 Am. St. Rep. 841). Fac-simile stamps such as were used in this case are quite common in these days of haste and hurry, and courts have generally regarded such a signature as sufficient, and the equivalent of a signing with pen and ink or pencil. *Herrick v. Morrill, supra; Streff v. Colteaux,* 64 Ill. App. 180; *Mezchen v. More,* 54 Wis. 214 (11 N. W. Rep. 534); *Scott v. Seaver,* 52 Wis. 175 (8 N. W. Rep. 811). The statute does not require that the notice be subscribed by the parties named in their own proper handwriting, and it is generally held that such papers as an original notice are sufficient, even if the signature be a printed one. *In re Walker,* 110 Cal. 393 (42 Pac. Rep. 815, 30 L. R. A. 460, 52 Am. St. Rep. 104). There is no reason why an original notice, which in this State is not a writ or process issuing out of court, should be signed by the person authorized, in his own proper hand-

writing. The instrument is nothing but a notice, which may be signed not only by a justice, but by the party or his attorney, without the knowledge or consent of the justice, and in either event it is sufficient, if properly subscribed. This subscription may therefore be by a fac-simile stencil, if the signature, when affixed at its proper place, is author-. ized, or is intended to take the place of handwriting in the usual manner. *Ligare v. Cal. R. Co.,* 76 Cal. 610 (18 Pac. Rep. 777); *Hancock v. Bowman,* 49 Cal. 413; *Pennington v. Baehr,* 48 Cal. 565. Even if the signature were held irregular, it does not follow that the judgment is void and subject to collateral attack. The notice would, at most, be merely voidable, and advantage of the defect could only be taken by direct proceedings. *Arts v. Rocksien,* 98 Iowa, 536; *Herrick v. Morrill, supra; Hendrick v. Whittemore,* 105 Mass. 23. The cases cited are quite satisfactory in their reasoning, and we need not say more on this point.

II. The next proposition, although not so much relied upon by counsel as the first, is the more doubtful one. The testimony tends to show that the justice signed the notice in blank, and delivered it to Bonniwell & Co., 2. ORIGINAL NOTICE SIGNED IN BLANK: jurisdiction. or its agent, who filled out the notice, and delivered it to another for service on plaintiff. After being filled out, it was duly served. It also appears that the party who filled out the notice had authority from the justice to do so. If this notice were a summons, a writ, or a precept issued by the justice, we should be inclined to hold it insufficient to give the justice jurisdiction. But it is not. It might as well have been signed by the plaintiff in the action, or by his attorney, as by the justice. The justice had no duty to perform with reference thereto, save to subscribe his name thereunder. He gave the plaintiff, or his agent or attorney, authority to fill out the notice after he had signed it; and we think this was sufficient in law, and, when properly served, operated to confer jurisdiction.

There is no reason why the justice could not delegate to another the power of filling out the notice. Surely he might do this before signing it, and, if this be true, we know of no reason why he could not authorize it to be done afterward. Indeed, we are not sure but that he might subsequently ratify the act of filling it out, even had there been no previous express authority to do so. The only object of the notice is that the defendant in the action may know when and where to appear to answer the complaint or petition. Signature thereto is required by statute to indicate that some one is responsible for it. The defendant in that action, and the plaintiff in this, had notice of every fact to which he was entitled, and the mere fact that the justice signed the notice in blank, and not after it was filled out, did not deprive him of jurisdiction. At most, it was a mere irregularity, which cannot be taken advantage of by this form of action. If the notice were a writ or other process issuing out of court, we should be disposed to reach a different conclusion. But it was not, and, as plaintiff herein was in no manner prejudiced on account of the alleged irregularity, we think the trial court was right in dis-solving the temporary writ of injunction and in dismissing plaintiff's petition. We are not to be understood as holding that every paper in a judicial proceeding may be treated as this one was, or that authentication certificates or other legal documents may be signed in blank, and afterwards affixed to the original or to copies thereof. The proposition here decided must be limited to such notices as are involved in the instant case. *Arts v. Rocksien,* 98 Iowa, 536, is really decisive of every point in the case. *Hoitt v. Skinner,* 99 Iowa, 360, relied upon by appellant, is not in point. There the copy of the notice delivered to the defendant in the action did not purport to be signed by any one, and it was presumed that the original was in the same condition.

The order and judgment of the trial court are *affirmed.*