*In re* THOMAS' ESTATE.

APPEAL OF THOMPSON.

1. WILLS—SIGNING HOLOGRAPHIC WILL AT TOP SUFFICIENT.
    Since the statute of wills (3 Comp. Laws 1915, § 11821) does not require that a will be signed at the foot or in any particular place, the writing of her name at the top of a holographic will by testatrix was a sufficient signing, although it was not signed at the foot.

2. SAME—NOT NECESSARY THAT WITNESSES SIGN IN PRESENCE OF EACH OTHER.
    Under the statute it is not necessary that the attesting witnesses to a will sign it in the presence of each other; it being sufficient if signed in the presence of the testator.

3. SAME—ATTESTATION CLAUSE NOT NECESSARY WHERE WITNESSES KNEW THAT INSTRUMENT WAS TESTATRIX'S WILL.
    Where the undisputed testimony shows that witnesses signing in the presence of testatrix knew that they were witnessing the will of testatrix and that it was approved and acknowledged by her as her last will, there was a sufficient attestation to comply with the statute, although the will contained no attestation clause.

Error to Jackson; Williams (Benjamin), J. Submitted June 7, 1928. (Docket No. 57, Calendar No. 33,478.) Decided July 24, 1928.

Edward Thomas and another presented for probate the last will of Augusta M. Thomas, deceased. The will was allowed in the probate court, and Lillian Thompson and others appealed to the circuit court.

As to whether testator's name in body of will is sufficient signature where statute does not require will to be signed at end, see annotation in 29 L. R. A. (N. S.) 63; 46 L. R. A. (N. S.) 552; L. R. A. 1917D, 632; 29 A. L. R. 891.

As to necessity that attesting witnesses be present at the time testator signs will, see annotation in L. R. A. 1917F, 872.

As to necessity of attestation clause of will, see annotation in 14 L. R. A. (N. S.) 255.

Judgment for proponents on a directed verdict.   Con-
testants bring error.   Affirmed.

*Frank L. Blackman* and *Maxwell F. Badgley,* for ap-
pellants.

*Richard Price,* for appellees.

McDONALD, J.   The contestants, Lillian Thompson
and others, have brought error to review the allowance
of the will of Augusta M. Thomas, deceased, by the
circuit court for the county of Jackson.

On the trial, the testimony of the two subscribing
witnesses was taken, after which both sides moved
for a directed verdict.   The court directed a verdict
allowing the will.   It is the claim of the contestants
that the will was not executed in compliance with
the Michigan statute of wills; that it was not signed
by the testatrix; that it was not attested by the wit-
nesses; and was not signed by them in the presence
of each other.

The statute (3 Comp. Laws 1915, § 11821) reads:

"No will made within this State, except such nun-
cupative wills as are mentioned in the following section,
shall be effectual to pass any estate, whether real or
personal, nor to charge or in any way affect the same,
unless it be in writing, and signed by the testator, or
by some person in his presence, and by his express
direction, and attested and subscribed in the presence
of the testator by two or more competent witnesses,"
etc.

The will in question was in the handwriting of the
testatrix.   It was all on one sheet of paper.   After
her death, it was found in an envelope, upon which
she had written:  "My will.   Augusta M. Thomas."
Her name was not signed at the foot of the will, but
at the top she began as follows:   "The will of Augusta
M. Thomas, June 25, 1925," etc.

The question is whether thus writing her name at

the top of the will is a sufficient signing within the meaning of the statute.   The statute does not require that a will be signed at the foot or in any particular place.    It may be signed anywhere providing there is an intent to adopt the name so written as the signature to the will.    It must be remembered that this was a holographic will.    With the exception of the names of the two witnesses, it is wholly in the handwriting of the testatrix.    We think that it was her intention to give effect to the will by writing her signature at the top thereof.    This question is ruled by *Stone* v. *Holden,* 221 Mich. 430 (29 A. L. R. 884).

Objection is made that the will was not subscribed by the witnesses in the presence of each other.    It is not necessary to a valid execution that they should so do.    The statute does not require it.    It requires only that they shall sign it in the presence of the testator.    The statute provides that the will shall be "attested and subscribed in the presence of the testator by two or more competent witnesses."    This will contains no attestation clause, and the contestants claim that the witnesses did not attest it.

In *Re Dougherty's Estate,* 168 Mich. 281 (38 L. R. A. [N. S.] 161, Ann. Cas. 1913B, 1300), this court approved the following quotation from section 282, Rood on Wills:

"It may be admitted that if witnesses subscribe as such at the request of the testator, express or implied, there is a sufficient attestation without anything more; but this is only because the express or implied request by the testator to them to so subscribe necessarily includes in itself an admission to them that the instrument is his, and accepted and approved.    Therefore, attesting a will under the statute of frauds, and under the statutes of most of the States, consists of learning from the testator in some way that the particular writing witnessed is finally approved by him."

The undisputed testimony shows that the subscribing witnesses knew that they were witnessing the will

of the testatrix and that it was approved and acknowledged by her as her last will.    She did not say to them, "This is my will."    It was not necessary that she should have done so.    One of the witnesses testified:

"As near as I can recollect it, she said she hoped everything would be left just as she had it on this paper to leave it, and that she spoke as though she wanted everything left just that way, and not to do anything to disturb it, and she said that she wanted everything that was left—that she left to Ed, for him to have it.    She wanted everything just as she had left it, and she didn't want anything to be disturbed, as near as I can remember."

The other witness testified that when the testatrix gave her the paper to sign she said:

"I want to fix—I am fixing things so that it will be all right in case I am taken.    I may be here a year. I may be here any length of time.    I want things fixed."

This testimony shows that the testatrix knew that the instrument which she requested the witnesses to sign was her will.    She made a sufficient acknowledgment of that fact.    They subscribed their names as witnesses in her presence, knowing that it was a disposition of her property in accordance with her wishes. There was a sufficient attestation to comply with the statute.    There was no disputed question of fact. The court did not err in directing a verdict sustaining the will.

The judgment is affirmed, with costs to the proponents.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.