The STATE of Oklahoma, Appellee,

v.

Billy FORD, Appellant.

No. 48233.

Supreme Court of Oklahoma.

Nov. 29, 1977.

Earl E. Goerke, Dist. Atty., Larry D. Smith, Asst. Dist. Atty., for appellee.

Forest N. Simon, O. B. Martin, Oklahoma City, for appellant.

WILLIAMS, Justice.

This is an appeal by Billy Ford, defendant in the trial court, from an order and judgment refusing to vacate a forfeiture of bail in a criminal case in the District Court of Blaine County, Oklahoma.

On February 8, 1974, Ford was charged with the crime of larceny of domestic animals. He personally appeared in court on February 15th at which time a cash bond of $2500 was set. On February 19th he deposited the sum of $2500 cash with the court clerk and was released, reserving until February 25th to "announce" as to whether he wanted a preliminary hearing. On that day his attorney appeared in open court and demanded a preliminary hearing, which was set for March 22nd. On March 22nd Ford did not appear, either in person or by counsel; his bail was ordered forfeited and a bench warrant was issued for his arrest. He was arrested on September 11th. Apparently, he was thereafter released after furnishing a second bond.

It should perhaps be noted that the copy of the appearance docket in the criminal case, which is in the record before us, indicates that Ford was represented at different times by two, and possibly three, different attorneys, before his present counsel were employed.

On November 25th, defendant Ford, represented by his present counsel, filed a motion to set aside the forfeiture. This motion was heard on February 5, 1975, and judgment was entered denying the motion, after which this appeal was instituted.

In the briefs of appellant, it is suggested that the motion to vacate was not actually heard but was dismissed on motion of the District Attorney, and it is true that the minute entry on the appearance docket recites that the motion was dismissed. However, the journal entry of judgment, after noting the appearances of the parties, including defendant and his counsel, and the entry of an oral motion to dismiss by the district Attorney, recites that "the Court proceeds to hear the evidence of witnesses and argument of counsel" and that "the Court, being fully advised in the premises, and upon due consideration thereof, is of the opinion and finds that the Motion to Set Aside Bond Forfeiture, filed herein, should be denied". In the last paragraph, the court ". . . ORDERED, ADJUDGED AND DECREED . . ." that the motion to vacate the forfeiture be *denied.*

The record before us does not disclose any effort, by motion for order nunc pro tunc or otherwise, to reconcile the difference between the minute entry and the judgment itself. See 46 Am.Jur.2d Judgments, Sec. 187. See also *Jones v. Gallagher,* 64 Okl. 41, 166 P. 204. Such being the case, it must be presumed that the judgment itself speaks the truth, and it cannot be said, upon the record before us, that the trial court dismissed the motion to set aside the forfeiture without a hearing on the merits.

It is agreed that the $2500 was deposited pursuant to 22 O.S.1971, Sec. 1106, and that the forfeiture was pursuant to 22 O.S.1971, Sec. 1108. These sections, a part of the chapter on Bail in our code of criminal procedure, were not amended or repealed when the new Bail Bond Act, 59 O.S.1971, Sections 1301, et seq., was enacted in 1965.

In this connection, it is argued that under Sec. 1108 (prior to its amendment in 1976), the District Attorney was required to bring a separate action upon "the bond

itself", and that because of his failure to do so, the forfeiture of bail should be set aside.

We do not agree. Sec. 1108 makes a plain distinction between "recognizance, bond or undertaking of bail" and "money deposited instead of bail". Under the first sentence of that section, upon the failure of defendant to appear, ". . . the court must direct the fact to be entered upon its minutes, and the recognizance, bond or undertaking of bail, *or the money deposited instead of bail*, is and shall be thereupon declared forfeited" (emphasis added). The third sentence of the section provides that "After the forfeiture, the county attorney must proceed with all due diligence, by action against the bail upon the *instrument* so forfeited" (emphasis added). The fourth sentence provides that "If *money deposited instead of bail* be so forfeited, the clerk of the court or other officer with whom it is deposited, must, immediately after the final adjournment of the court, pay over the money deposited to the county treasurer" (emphasis added). Under the uncontradicted facts in this case, the court forfeited "money deposited instead of bail", and not a "recognizance, bond or undertaking of bail". Such being true, there was no "instrument" requiring a separate civil action under the third sentence above quoted, and the clerk was required only to pay the $2500 over to the county treasurer, under the fourth sentence of Sec. 1108.

Until the 1976 amendment mentioned above, these sections of the statute had, in pertinent part, remained unchanged since 1910. For a detailed and enlightening discussion of these sections written soon thereafter, see *Whiteakre v. State* (1911), 31 Okl. 65, 119 P. 1003.

In the alternative, appellant argues that the forfeiture should be set aside because (1) he was not given the ten day notice required by the last sentence of 59 O.S.1971, Sec. 1330(b); (2) he did not receive notice of the forfeiture under 59 O.S.1971, Sec. 1332.

Under the facts shown by the record before us, these sections of the Bail Bond Act are not applicable. In *Russell v. State*, Okl., 488 P.2d 1264, this Court held:

"The ten day notice proviso constituting the last sentence of 59 O.S.Supp.1970, Sec. 1330, becomes operative after a bail bond has been forfeited and the bondsman has failed to comply with the directives of the State Insurance Commissioner; and such proviso is not applicable in determining the power and authority of the trial court to order a bond forfeited."

Sec. 1332 provides in pertinent part that "In the event of the forfeiture of a bail bond the clerk of the trial court shall notify the bondsman on said bond . . .". As we have seen, no "bail bond" or "bondsman" are involved in this case; the defendant himself deposited money *instead of bail*, under the provisions of the chapter on Bail in our code of criminal procedure.

It may be noted in passing that 59 O.S. 1971, Sec. 1326(b) sets out the circumstances under which the defendant *is* entitled to a ten day notice. That section provides in pertinent part that "If no day is fixed for the appearance of the defendant, or an impossible day or a day in vacation, the undertaking . . . shall bind the defendant to appear in ten days from the receipt of notice thereof to the defendant, his counsel, or any surety or bondsman on the undertaking . . .". In construing that section in a case involving a bondsman, this court said in *Foster v. State*, Okl., 551 P.2d 1119, at page 1121:

"If a day certain is fixed for defendant's scheduled appearance when he is released on an appearance bond, no further notice is required in connection with the particular scheduled hearing. If on that day, the date of the appearance is set over for another day certain, no further notice is required in connection with the rescheduled hearing."

The same situation exists in this case. When defendant was released after posting the $2500 with the clerk on February 19th, he reserved until February 25th to "announce" as to whether he desired a preliminary hearing; on February 25th his counsel demanded a preliminary hearing, which was set for March 22nd. In each case the "con-

tinuance" was to a day certain, and upon defendant's failure to appear on March 22nd the court was authorized to enter the order of forfeiture without further notice to him.

The judgment of the trial court is affirmed.

LAVENDER, V. C. J., and DAVISON, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

HODGES, C. J., and DOOLIN, J., dissent.