Jody MARSHALL, Appellant,

v.

OK RENTAL & LEASING, INC.,
d/b/a Dollar Rent a Car, a
corporation, Appellee.

No. 82232.

Supreme Court of Oklahoma.

July 12, 1994.

---

17. *Supra* note 8, 155 P. at 515.

Thomas L. Bright, Tulsa, for plaintiff/appellant.

Donald M. Bingham, Tulsa, for defendant/appellee.

SUMMERS, Justice.

In question is the timeliness of plaintiff's appeal.[1] If plaintiff's appeal time began to run from the filing of an order sheet in the District Court of Tulsa County, her appeal reached us too late. If, however, her appeal time started with the filing of the subsequent journal entry of judgment, she got it here in time. We conclude the appeal is timely.

Plaintiff brought an action against her employer based upon an allegation that she was wrongfully constructively discharged from employment. Defendant filed a motion for summary judgment. On July 13, 1993 the District Judge sustained Defendant's motion, and caused to be filed an instrument commonly called an order sheet in courthouse or appellate parlance. Defendant moves to dismiss the appeal, arguing that this instrument is a filed judgment, and started the time to bring an appeal. Plaintiff argues that a later-filed journal entry of judgment was the judgment for the purpose of calculating the time to appeal.

 A litigant's right to appeal is governed by the law in effect when the appealable event takes place. *Patmon v. Block,* 851 P.2d 539, 542 (Okla.1993). On July 13, 1993, and in fact since June 1, 1991, the time to commence an appeal began, and still begins, to run when the judgment is *filed:* "An appeal to the Supreme Court may be commenced by filing a petition in error with the Clerk of the Supreme Court within thirty (30) days from the date the final order or judgment is filed." 12 O.S.1991 § 990A. Is this order sheet a filed judgment? We conclude it is not.

The order sheet, insofar as applicable to our case, takes the following form:

### IN THE DISTRICT COURT IN AND FOR TULSA COUNTY

### STATE OF OKLAHOMA

On this 13th day of July, 1993, the following matters in the designated cases came on for decision, pursuant to Rule 4 of the Supreme Court Rules for the District Courts. The Clerk of the Court is directed to notify counsel of record of the indicated decisions by mailing a copy of this Order to them and filing a copy of this Order in each case.

(signature of Judge Gail Harris)
GAIL HARRIS, DISTRICT JUDGE
... CJ–92–3426 JODY MARSHALL V. OK RENTAL & LEASING, INC.

Defendant's Motion for Summary Judgment is sustained pursuant to Rule 13 as there are no material facts in controversy. Undisputed facts insufficient to support any claim of plaintiff for relief. Notice by mail to William G. Bernhardt & Thomas Bright.

The same page of the order sheet contains two other entries in two other cases. One entry states the court's decision on its jurisdiction to adjudicate attorney fees and sanctions, and the other resolves a discovery dispute. The sheet then lists the names and addresses of all counsel of record in the cases, followed by a certificate of mailing by a deputy court clerk. The signature of the judge only appears after the material at the top of the page directing the clerk to notify counsel.

 In construing an order or a judgment we first examine the clear and unambiguous language of the instrument, since such language is controlling. *Lemons v. Lemons,* 205 Okl. 485, 238 P.2d 790, 792 (1951). The clear language of the order sheet shows that it contains a judge-signed order to the clerk to notify counsel of certain action taken by the court and to file a copy in each case. The action of the court taken in *this* case was

---

1. The spelling of Plaintiff's name in the caption corresponds to the Journal Entry of Judgment.

Plaintiff has noted in one filing on appeal that her name is Jodi Marshall.

sustaining the motion for summary judgment. However, this judicial act of sustaining the motion does not appear as a judge-signed memorial on the order sheet.

■ An appealable order under former 12 O.S.1991 § 32.3, in effect on July 13, 1993, must contain the signature of the judge.[2] In *Martin v. Liberty Nat. Bank & Trust*, 839 P.2d 179 (Okla.1992) we explained that a minute *initialed* by a trial judge did not satisfy this requirement. The typed material following the judge's signature here appears on its face to be a series of minute entries prepared by a clerk. A minute drafted by a clerk is not an order or judgment appearing of record.[3] The minute entry reflecting that the Motion for Summary Judgment was sustained was not followed by a signature of the judge. Thus, the order sheet of July 13, 1993 is not the filed judgment required for the commencement of appeal time. 12 O.S. 1991 §§ 32.3, 990A.[4]

■ A journal entry of judgment was later signed and filed in the District Court on August 4, 1993. The petition in error was filed in this Court on September 7, 1993. However, the petition was mailed to us on September 2, 1993 by U.S. certified mail,

return receipt requested. September 2, 1993 is therefore deemed the filing date of the petition in error. 12 O.S.1991 § 990A(B); Rule 1.15, Rules of Civil Appellate Procedure. The petition in error was timely filed, the motion to dismiss is denied, and the appeal shall proceed.

HODGES, C.J., ALMA WILSON, KAUGER and WATT, JJ., concur.

LAVENDER, V.C.J., and SIMMS, HARGRAVE and OPALA, JJ., dissent.

OPALA, Justice, dissenting.

Concluding that the appellant's petition in error was timely brought, the court today holds that the *earlier* of the two filed instruments that meet all of the 12 O.S.1991 § 24 criteria[1] for entry on the trial court's journal did not trigger appeal time. The court dismisses the *earlier filed memorial* of the *nisi prius July 13, 1993 ruling* as a minute rather than a judgment. Its conclusion is rested on the premise that no memorial that bears the judge's signature *within or at the top* of the document rather than *below* the court's direction may qualify as the nisi prius record entry.[2] I cannot accede to the court's reasoning.

The following shall not constitute a judgment, decree or appealable order: A minute entry . . . .

1. *When no issues stand reserved or are taken under advisement, record entry of judgment in a proceeding tried to the court is effected by a judge-signed written memorial specifying the relief afforded, which is filed in the case and entered upon the court's journal.* 12 O.S.1991 § 24; *McCullough v. Safeway Stores, Inc.*, Okl., 626 P.2d 1332, 1335 n. 8 (1981). The pertinent terms of § 24 are:

"*Upon the journal record* required to be kept by the clerk of the district court in civil cases . . . *shall be entered* copies of the following instruments on file:"

＊　＊　＊　＊　＊　＊

"2. *All instruments filed in the case that bear the signature of the judge and specify clearly the relief granted or order made.*" [Emphasis supplied.]

2. The pertinent terms of the earlier memorial of July 13, 1993 are:

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA
ORDER

---

2. Section 32.3 was repealed by Laws 1993, c. 351, § 29, eff. Oct. 1, 1993. 12 O.S.Supp.1993 § 696.3, effective October 1, 1993 requires judgments and appealable orders to be in writing and signed by the court. This event of July 13, 1993 predates the changes in procedure effective October 1, 1993, and these changes are not applicable to this controversy. *Patmon v. Block, supra.*

3. *Elliott v. City of Guthrie*, 725 P.2d 861, 863 (Okla.1986); *Lillard v. Meisberger*, 113 Okl. 228, 240 P. 1067, 1069 (1925), (a clerk's minute noting that the court has overruled a motion for new trial is not an order appearing of record); *Render v. Henry Schafer, Inc.*, 198 Okla. 95, 175 P.2d 330 (1946), (no appeal could be prosecuted from a minute entry reflecting a motion for new trial was overruled when no journal was made of this entry, and court relied upon *Lillard, supra,*); *McCullough v. Safeway Stores, Inc.*, 626 P.2d 1332, 1335 n. 8 (Okla.1981), (record entry of judgment is not based upon a clerk's minute). *Cf. State v. Ford*, 573 P.2d 257, 258 (Okla.1977), (journal entry of judgment controls inconsistent minute).

4. 12 O.S.1993 Supp. § 696.2(C) (effective Oct. 1, 1993 and thus not applicable to this case) provides:

## I

### THE SUBSTANTIVE CONTENT OF THE JULY 13 MEMORIAL DETERMINES WHETHER IT QUALIFIES AS AN ORDER OR AS A MINUTE.

The meaning and effect of an instrument depends on its *substantive content*.[3] The earlier memorial clearly meets the attributes of a recordable order.[4] Its content directs that the defendants be given the requested relief—*i.e.*, summary judgment—and the "direction" is *signed* by the judge.[5] While both orders and minutes [6] are *posted* on the appearance docket,[7] each has a distinct legal identity [8] and is *facially distinguishable from the other by its content and substance*.[9] A *"minute"* of a judge's courtroom ruling *internalizes* the event or proceeding by a short abstract to be posted *solely* on the court's *appearance docket*. It is not the event's *official proof*. For *external* use that proof is provided by the *"recordable"* [10] *memorial*

On this 13th day of July, 1993, the following matters in the designated cases came on for decision, pursuant to Rule 4 of the Supreme Court Rules for the District Courts. The Clerk of the Court is directed to notify counsel of record of the indicated decisions by mailing a copy of this *Order* to them and filing a copy of this *Order* in each case.

/s/ Gail W. Harris
GAIL HARRIS, DISTRICT JUDGE

\* \* \* \* \* \*

CJ–92–3426 JODY MARSHALL

Defendant's Motion for Summary Judgment is sustained pursuant to Rule 13 as there are no material facts in controversy. Undisputed facts insufficient to support any claim of plaintiff for relief. Notice by mail to: William G. Bernhardt & Thomas Bright.

\* \* \* \* \* \*

#### AFFIDAVIT OF MAILING

I hereby certify that I have this 13th day of July, 1993 mailed a true and correct copy of the above decisions as ordered by the Court, and a true and correct copy was filed in each of the above and foregoing cases.

SALLY HOWE–SMITH, Court Clerk
/s/ Ann Pard
By: Deputy Court Clerk

3. *Carter v. Carter*, Okl., 783 P.2d 969, 970 (1989); *Horizons, Inc. v. KEO Leasing Co.*, Okl., 681 P.2d 757, 759 (1984); *Amarex, Inc. v. Baker*, Okl., 655 P.2d 1040, 1043 (1983); *Knell v. Burnes*, Okl., 645 P.2d 471, 473 (1982); *Prock v. District Court of Pittsburg County*, Okl., 630 P.2d 772, 775 (1981); *Harry v. Hertzler*, 185 Okl. 151, 90 P.2d 656, 659 (1939); *Ginn v. Knight*, 106 Okl. 4, 232 P. 936, 937 (1925).

4. *See* 12 O.S.1991 § 1116 which states in pertinent part:

"Every *direction* of a court or *judge* made or entered *in writing*, and not included in a judgment, is .*an order*." [Emphasis added.]

5. *See supra* note 1 for the 12 O.S.1991 § 24 requisites for recordability.

6. Minutes are nothing more than abbreviated memoranda of what takes place in court. *Hinshaw v. State*, 147 Ind. 334, 47 N.E. 157, 171 (1897); *State v. Larkin*, 11 Nev. 314, 321 (1876); *Gregory v. Frothingham*, 1 Nev. 253, 260 (1865). Ordinarily the deputy clerk, present in the courtroom, is the scrivener of the minutes although the judge also is authorized to draft minutes. *See* 12 O.S.1991 § 23, *infra* note 7.

7. *The documents required to be posted on the appearance docket* are identified in 12 O.S.1991 § 23. Its pertinent terms are:

"On the appearance docket he [the clerk of the district court] shall enter all actions in the order in which they are brought, the date of the summons, the time of the return thereof by the officer, and his return thereon, the time of filing the petition, and all subsequent pleadings and papers, and *an abstract of all judgments and orders of the court*. An abstract shall contain a very brief description of the order or judgment rendered. It *must* not be encumbered with a detailed recital of the terms. Proceedings other than those which culminated in an order or judgment shall not be abstracted into the appearance docket. Either the judge or the clerk may prepare an appearance docket entry in the form of a minute, or the content of the entry may be dictated either by the judge or clerk into an electronic recording device. The clerk shall transcribe onto the appearance docket all minute entries made and all the electronically-recorded abstracts." [Emphasis added.]

8. *Rodgers v. Higgins*, Okl., 871 P.2d 398, 407–408 (1994); *Hulsey v. Mid–America Preferred Ins. Co.*, Okl., 777 P.2d 932, 935 (1989); *Miller v. Miller*, Okl., 664 P.2d 1032, 1034 (1983); *McCullough*, *supra* note 1 at 1335; *State v. Froese*, 200 Okl. 486, 197 P.2d 296, 298 (1948).

9. *See supra* note 3.

10. *"Recordable"* means that by force of § 24 an instrument meeting that section's criteria must be *entered* on or *"recorded"* in the court's journal. The clerk may "enter" only that which is *"on file"*. The § 24 concept of *"on file"* is distinguishable from the § 696.3 concept of *"filing"*. *"On file"* means that the paper is kept [according to the mandate of 12 O.S.1991 § 29] within a folder or jacket in the clerk's office. *"Filing"* of the instrument signifies its *delivery to the clerk* for entry or preservation. *See Rodgers, supra* note 8 at 408–409.

that is *on file* in the case and entered on the journal.

Minutes are never a fit substitute for a judge's recordable entry.[11] Record entry of orders or judgments may *never* be accomplished *by the clerk's minutes or by unsigned (or initialed) entries later posted on the appearance docket.*[12] While a judge, much like a courtroom deputy clerk, may write minutes for posting on the appearance docket, *once the minutes are signed and meet the criteria prescribed in § 24, they are at once, by force of law, transmuted into recordable memorials.* The filing of the *recordable memorial*— the July 13 judgment—begins the 12 O.S. 1991 § 990A[13] *countdown for commencing an appeal.*

The content and substance of the July 13 entry *qualify it as summary judgment rather than a minute.* If the four corners yielded no more than an unsigned or initialed recitation of the events that transpired at trial,[14] our conclusion would be different. *The instrument in contest clearly grants the* defendants summary judgment, judicially determining the parties' rights in the action. By application of the § 681[15] standards, the earlier entry is the recordable judgment in the case. It precludes all further inquiry into the issues joined by the pleadings.[16] Nothing remains to be done.[17] *Our facial examination* of this instrument does not reveal any indication that the judge intended a more complete instrument to follow.[18] In short, the July 13 entry is the filed judgment[19] which may *not* be transmogrified into a minute by the *judge signing the instrument at a place other than the bottom of the instrument or by directing that counsel prepare another journal entry.*

## II

**JUDGES ARE REQUIRED TO SIGN, NOT SUBSCRIBE, INSTRUMENTS TO MAKE THEM FIT FOR ENTRY ON THE COURT'S JOURNAL.**

The court voids the filed and recorded July 13 judgment[20] by holding it to be an ineffec-

11. *Elliott v. City of Guthrie,* Okl., 725 P.2d 861, 863 (1986); *Chamberlin v. Chamberlin,* Okl., 720 P.2d 721, 723 (1986); *Miller, supra* note 8 at 1034; *Wetsel v. Independent School District I–1,* Okl., 670 P.2d 986, 993 (1983); *McCullough, supra* note 1 at 1335.

12. Case law antedating October 1, 1993 uniformly required that memorials to be entered upon the journal record (1) bear the judge's full signature and (2) contain a clear indication of the relief afforded. *Martin v. Lib. Nat. Bank & Trust,* Okl., 839 P.2d 179, 180 (1992).

13. The pertinent terms of 12 O.S.1991 § 990A are:
"A. An appeal to the Supreme Court may be commenced by filing a petition in error with the Clerk of the Supreme Court within thirty (30) days from the date the final order or judgment is filed."
\* \* \* \* \* \*

14. A trial court's minutes are no more than a trustworthy *chronicle of events transpiring in the course of proceedings in a case. Bush v. Bush,* 158 Kan. 760, 150 P.2d 168 (1944).

15. *"A judgment is the final determination of the rights of the parties in an action."* 12 O.S.1991 § 681. [Emphasis supplied.] *See Hurley v. Hurley,* 191 Okl. 194, 127 P.2d 147, 150 (1942).

16. *Carr v. Braswell,* Okl., 772 P.2d 915, 917 (1989); *Hurley, supra* note 15, 127 P.2d at 150;

*Wells v. Shriver,* 81 Okl. 108, 197 P. 460, 465 (1921).

17. *Wells, supra* note 16, 197 P. at 460 n. 3; *Foreman v. Riley,* 88 Okl. 75, 211 P. 495 n. 4 (1923).

18. A judge's *letter* to the parties announcing his *intention to decide the cause for the plaintiff* and *requesting the parties to prepare a journal entry* memorializing the decision is *not* a judgment. *Green v. Mee,* 197 Okl. 562, 173 P.2d 217, 218 (1946). *See also* the Oct. 4, 1993 *unpublished* opinion in *Taylor Estates v. Meridian Oil, Inc.,* Cause No. 81,789 consolidated with No. 82,010; July 18, 1992 *unpublished* opinion in *Caswell v. Caswell,* Cause No. 79,463. In the cited cases, where the court was called upon to decide which of two writings was the judgment, it was facially apparent from the first writing that the judge intended a later memorial to be the judgment. Here, the July 13 instrument not only meets all the attributes of a judgment, but also facially lacks any indication that the trial court did not intend the writing to be its judgment.

19. *See* 12 O.S.1991 § 990A, *supra* note 13, which provides that the filed judgment triggers appeal time.

20. *See supra* note 2 for the pertinent terms of the court's judgment.

tive memorialization of the ruling, a mere minute. Its sole reason for today's condemnation is that the instrument is signed by the trial judge but not "subscribed" by him.[21] There is no basis in law for this court-imposed requirement.[22] The common law defines *"signature"* as the placement of a name *anywhere* upon a document for the purpose of authenticating it.[23] Here the nisi prius judge's *signature* on the face of the order authenticates the document. It sufficiently meets the § 24 requirement for entry on the journal.

## III

## CONCLUSION

The court today holds that the plaintiff's later memorial—*which sets forth the very same terms* as the former—triggers appeal time in this case. In so doing the court engages in *indiscriminate labeling.* In an attempt to justify today's result the court requires that record entries be subscribed rather than signed. *Appeal time runs from the filing of the first judge-signed memorialization specifying the relief requested—one that meets the § 24 recordation criteria.*

---

21. Subscription is the writing of one's name *beneath or at the end of the instrument. Munson v. Snyder,* Okl., 275 P.2d 249, 250, 252 (1954); *Wilson v. Polite,* 218 So.2d 843, 849 (Miss.1969); *In re George's Estate,* 208 Miss. 734, 45 So.2d 571, 573 (1950); *Corporation Commission v. Wilkinson,* 201 N.C. 344, 160 S.E. 292, 294 (1931); *Attorney General v. Clarke,* 26 R.I. 470, 59 A. 395, 396 (1904).

22. The clerk is required by § 24 [*supra* note 1] to enter "all instruments filed in the case that bear the *signature* of the judge...." [Emphasis added.]

23. *In re Thomas' Estate,* 243 Mich. 566, 220 N.W. 764, 765 (1928); *Drury, et al v. Young,* 58 Md. 546, 553–54 (Md.1882); *Smithdeal v. Smith,* 64 N.C. 52, 53 (N.C.1869); *Anderson v. Harold,* 10 Ohio 400, 402 (Ohio 1841); *Schneider v. Norris* [1814], 105 Eng.Rep. 338. The common law distinguishes *signature* from *subscription* by the fact that the former is not "confined to the writing of the name at the bottom of the paper." *Loughren v. B.F. Bonniwell & Co.,* 125 Iowa 518, 101 N.W. 287 (1904).