**ROCKWELL INTERNATIONAL, Petitioner,**

v.

**Bob HAMPTON, and the Workers' Compensation Court, Respondents.**

No. 83899.

Supreme Court of Oklahoma.

Dec. 8, 1994.

---

order has been sent to the parties. Unlike appeals from district court orders, there is no provision for additional time within which to commence a cross- or counter-proceeding to review a decision of the Workers' Compensation Court. 85 O.S.1991 § 3.6, Rule 1.100(c) of the Rules of Appellate Procedure in Civil Cases, *Smith v. State Industrial Court*, 408 P.2d 317 (Okl.1965).

LAVENDER, V.C.J., and SIMMS, HARGRAVE, ALMA WILSON, SUMMERS and WATT, JJ., concur.

OPALA and KAUGER, JJ., dissent.

KAUGER, Justice, with whom OPALA, Justice joins, dissenting:

The majority's dismissal of the cross-petition as untimely is premised upon the twenty-day time limitation imposed by 85 O.S.Supp.1993 § 3.6[1] and Rule 1.100(a), Rules on Perfecting a Civil Appeal, 12 O.S. 1991, Ch. 15, App. 2.[2] Rule 1.18, Rules on Perfecting a Civil Appeal, 12 O.S.1991, Ch. 14, App. 2[3] allows a party thirty days to file an appeal. The twenty-day limitation imposed by 85 O.S.1991 § 3.6 and Rule 1.100(c) is a special law prohibited by the Okla. Const. art. 5, § 46.[4] Because the cross-peti-

## ORDER

HODGES, Chief Justice.

Petitioner's motion to dismiss the cross-petition for review is granted and the cross-petition filed on October 10, 1994 is dismissed as untimely. *All* Supreme Court proceedings to review an order of the Workers' Compensation Court must be commenced within twenty (20) days after a copy of the

1. Title 85 O.S. Supp.1993 § 3.6(B) provides in pertinent part:
   "The order, decision or award of the Court shall be final and conclusive upon all questions within its jurisdiction between the parties, unless, within twenty (20) days after a copy of such order, decision or award has been sent by the Administrator to the parties affected, an action is commenced in the Supreme Court of the state, to review such order, decision or award...."

2. Rule 1.100, Rules on Perfecting a Civil Appeal, 12 O.S.1991, Ch. 15, App. 2 provides in pertinent part:
   "(a) **Decisions Reviewable and Time for Their Commencement.** A decision of the trial judge or of the Workers' Compensation Court en banc may be brought for review to this court in compliance with 85 O.S.1981 § 3.6 and the Rules in Part III and III(b). The proceeding shall be commenced by filing a petition for review in this court within twenty days after a copy of the adverse decision shall have been sent to the parties affected....
   (c) **Cross or Counter Action to Review Same Decision.** A cross-action or counter-action or a separate proceeding to review the same decision shall be commenced within the same time

and in like manner as the principal proceeding...."

3. Rule 1.18, Rules on Perfecting a Civil Appeal, 12 O.S.1991, Ch. 14, App. 2 provides in pertinent part:
   "(a) **Cross–Appeal or Counter–Appeal.** If a petition in error has been timely filed to commence an appeal from an appealable decision, then any party aggrieved by the same decision may file its petition in error: within forty (40) days of the date the judgment was filed with the district court clerk, except when mailing is required, all as provided by Rule 1.11, if the appealable order is a judgment or final order; or within forty (40) days of the date of the order as provided by Rule 1.40 if the appealable order is an interlocutory order appealable by right...."

4. The Okla. Const. art. 5, § 46 provides in pertinent part:
   "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:
   ... Regulating the practice or jurisdiction of, or changing the rules of evidence in judicial proceedings or inquiry before the courts ...."

tion was filed timely under Rule 1.18, I dissent.

