**Judy JOHNSON, Petitioner,**

v.

**TONY'S TOWN MISTER QUIK and the Workers' Compensation Court, Respondents.**

No. 83283.

Supreme Court of Oklahoma.

April 9, 1996.

---

Joseph F. Bufogle, Bufogle and Associates, Tulsa, for Petitioner.

Robert Highsaw, State Insurance Fund, Oklahoma City, for Respondents.

OPALA, Justice.

The single issue tendered by Tony's Town Mister Quik's [respondent or employer] quest for dismissal is whether the claimant's petition for review can be deemed *filed when mailed* and hence timely. We answer in the affirmative and *deny the motion to dismiss with prejudice to renewal.*

## I

## THE ANATOMY OF LITIGATION

Judy Johnson [claimant or Johnson] filed her Form 3 for cumulative-trauma injury occasioned by on-the-job stress. The trial tribunal heard the case on February 17, 1994 and entered its order denying the claim on February 28. *A copy of the tribunal's memorial was sent to the parties that day.*

Claimant mailed her petition for review on March 21, 1994—the last day to bring her proceeding in this court.[1] Her paperwork was received by this court's clerk on March 22, 1994—more than twenty days *after* the February 28 order was sent. Employer moved for dismissal in its response to the petition for review and later pressed a formal motion.

## II

## THE TEMPORAL FRAMEWORK FOR BRINGING PROCEEDINGS TO REVIEW WORKERS' COMPENSATION COURT DECISIONS

The provisions of 85 O.S. 1991 § 3.6(B)[2] require that a petition to review a Workers'

---

1. Twenty days from February 28, 1994 fell on a Sunday. The petition for review was mailed the next business day—Monday, March 21.

2. The pertinent terms of 85 O.S. 1991 § 3.6(B) are:

   "The order, decision or award of the Court shall be final and conclusive upon all questions within its jurisdiction between the parties, un-

Compensation Court's decision be brought *within twenty days* of the day a copy of the tribunal's decision was *sent* to the parties. *Ireton v. Saint Francis Hosp.*[3] holds that the mailbox rule[4]—which is authorized by the provisions of 12 O.S.Supp. 1993 § 990A(B)[5] —does not govern the commencement of proceedings to review a Workers' Compensation Court's decision. Today we overrule *Ireton* as an incorrect exposition of our statutory law.

## III

**THE PROCEDURAL UNIFORMITY COMMANDED BY ART. 5, § 46, OKL. CONST., REQUIRES (A) THAT THE § 990A(B) MAILBOX RULE BE APPLIED TO THE REVIEW PROCESS OF WORKERS' COMPENSATION DECISIONS AND (B) THAT *IRETON* BE OVERRULED**

Our sole concern here is whether the mailbox provisions of § 990A(B)—a general statutory rule of appellate procedure[6]—should apply to proceedings for review of compensa-

tion decisions. The terms of Art. 5, § 46[7] command that general rules of appellate process be *symmetrical* and apply across the board.[8] Unless contrary reasons be clearly shown, proceedings filed in this court for review of decisions made by inferior courts and tribunals *comprise but one class*. To single out for less favorable treatment those who seek review of workers' compensation decisions by denying them the benefit of the mailbox rule—legislatively fashioned and judicially implemented—would create a dichotomous division in the *general* adjective law governing this court's reviewing cognizance. A disparate procedural treatment is *neither explicitly nor implicitly* contemplated by the statute under construction. Extending the mailbox rule to proceedings brought under § 3.6(B)[9] would plainly satisfy the constitutional call for uniformity. More importantly, the provisions of § 990A(B)(1) *do not prohibit* the mailbox rule's application to proceedings for review of compensation decisions, (2) create no burden on this court's operation and (3) facilitate filings by persons who re-

less, *within twenty (20) days* after a copy of such order, decision or award has been sent ... to the parties affected, an action is commenced in the Supreme Court of the state, to review such order, decision or award." [Emphasis added.]

3. *Ireton v. Saint Francis Hosp.*, Okl., 844 P.2d 151 (1992).

4. The so-called *mailbox rule* was first articulated in Adams v. Lindsell, 106 Eng.Rep. 250 (K.B. 1818), where the court held that an offer is accepted *at the moment acceptance is posted* to the offeror in a correctly addressed envelope with postage prepaid. *Id.* at 251.

5. The pertinent terms of 12 O.S.Supp. 1993 § 990A(B) are:
   "The filing of the petition in error may be accomplished either by delivery or by certified mail with return receipt requested to the Clerk of the Supreme Court. The date of filing or *the date of mailing, as shown by the post mark affixed by the post office or other proof from the post office of the date of mailing, shall constitute the date of filing* of the petition in error. If there is no proof from the post office of the date of mailing, the date of receipt by the Clerk of the Supreme Court shall constitute the date of filing of the petition in error." [Emphasis added.]
   For application of the mailbox rule in Oklahoma's extant jurisprudence, see *Woods v. Woods*, Okl., 830 P.2d 1372, 1374 (1992); *Woody*

*v. State ex rel. Dept. of Corrections*, Okl., 833 P.2d 257, 258 (1992).

6. The mailbox rule's *general impact* is not diminished by the location given to § 990A(B) in Title 12, which is designated for Civil Procedure. *Green v. Green*, Okl., 309 P.2d 276, 278 (1957).

7. The terms of Art. 5, § 46, Okl. Const., state in pertinent part:

   "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:

   \*   \*   \*   \*   \*   \*

   *Regulating the practice or jurisdiction of ... in judicial proceedings or inquiry before the courts ... or other tribunals....*" [Emphasis supplied.]
   *See Reynolds v. Porter*, Okl., 760 P.2d 816, 822 (1988); *Maule v. Independent School Dist. No. 9.*, Okl., 714 P.2d 198, 203–204 (1986).

8. *Brown v. Ford*, Okl., 905 P.2d 223, 228 (1995); *Simpson v. Dixon*, Okl., 853 P.2d 176, 183 (1993); *Tate v. Browning–Ferris, Inc.*, Okl., 833 P.2d 1218, 1229 (1992); *Reynolds, supra* note 7 at 822; *Johnson v. District Court of Oklahoma County*, Okl., 738 P.2d 151, 154 (1987) (Opala, J., concurring).

9. For the pertinent terms of 85 O.S. 1991 § 3.6(B), see *supra* note 2.

side outside this court's immediate situs. *Ireton* offends the uniformity-of-procedure strictures demanded by Art. 5, § 46.[10] It is hence overruled.

## IV

### SUMMARY

Fundamental fairness can only be dispensed within the framework of orderly process. General rules of appellate practice must satisfy the uniformity-of-procedure mandate of § 46. *Ireton,*[11] which created a dichotomous division in the general rule that proceedings for review are deemed *filed when mailed,* offends this State's fundamental law. The mailbox rule—now recognized as applying to appeals from district court decisions[12]—must equally govern petitions for review brought under the terms of § 3.6(B).

The motion to dismiss is accordingly denied *with prejudice to renewal.* This appeal shall proceed to the decisional stage.

KAUGER, V.C.J., and HODGES, SIMMS and HARGRAVE, JJ., concur.

ALMA WILSON, C.J., concurs in result.

LAVENDER, SUMMERS and WATT, JJ., dissent.

KAUGER, Vice Chief Justice, concurring:

I agree that the mailbox rule, 12 O.S.Supp. 1994 § 990A(B),[1] is applicable to Workers' Compensation appeals for the reasons expressed in part III of the majority opinion.

I am also of the opinion that these same reasons require that appeals from the Workers' Compensation Court be accorded the same amount of time for an appeal to be filed. Title 85 O.S.Supp.1994 § 3.6(C), Rule 1.100(a), Rules on Perfecting a Civil Appeal, 12 O.S. 1991, Ch. 15, App. 2, and Rule 1.18, Rules on Perfecting a Civil Appeal, 12 O.S. 1991, Ch. 14, App. 2 should be amended to provide for uniform application of appellate procedure.[2]

WATT, Justice, with whom LAVENDER, J., joins, dissenting.

I respectfully dissent to the majority opinion in this case for two reasons. First, I see no reason to abandon the rule established in *Ireton v. St. Francis Hospital,* 844 P.2d 151 (Okla.1992), that 12 O.S.Supp. 1994 § 990A.B applies only to petitions in error, and not to petitions to review orders of the Workers' Compensation Court. *Ireton* was rightly decided. I believe, therefore, that the express language of the statute should be followed until and unless the Legislature chooses to broaden it. Second, § 990A.B does not apply here because Petitioner's certificate of mailing does not show that her petition for review was mailed *"by certified mail with return receipt requested,"* as expressly required by § 990A.B. [Emphasis added.]

We have apparently decided only one case interpreting § 990A.B. In *Marshall v. OK Rental & Leasing, Inc.,* 879 P.2d 132, 134 (Okla.1994), we held that § 990A.B applied to appellant's petition in error because "the pe-

---

10. *Our own jurisprudence, no less than the Legislature's enactments, must faithfully conform to the state fundamental law's interdiction of nonuniform laws on prohibited subjects.* Reynolds, *supra* note 7 at 822. Although directed to the Legislature, Art. 5, § 46, is no less binding on the courts. *Southwestern Bell v. Okl. Corp. Com'n.,* Okl., 873 P.2d 1001, 1026–27 (1994) (Opala, J., dissenting.); *Haynes v. Tulsa Public Schools Transit,* Okl., 879 P.2d 128, 131 (1994) (Opala, J., concurring); *Great Plains Federal S & L v. Dabney,* Okl., 846 P.2d 1088, 1095–96 (1993) (Opala, J., concurring.).

11. *See supra* note 3.

12. *See Woods and Woody, supra* note 5.

1. Title 12 O.S.Supp. 1993 § 990A(B) provides:

"The filing of the petition in error may be accomplished either by delivery or by sending it by certified mail with return receipt requested to the Clerk of the Supreme Court. The date of mailing, as shown by the postmark affixed by the post office or other proof from the post office of the date of mailing, shall constitute the date of filing of the petition in error. If there is no proof from the post office of the date of mailing, the date of receipt by the Clerk of the Supreme Court shall constitute the date of filing of the petition in error."

Section 990A was amended effective September 1, 1994. The mailbox rule was unchanged by this amendment.

2. See, dissent by Kauger, J. in *Rockwell International v. Hampton,* 886 P.2d 992, 993 (Okla. 1994).

tition was mailed to us on September 2, 1993 *by U.S. certified mail, return receipt requested.* September 2, 1993 is therefore deemed the filing date of the petition in error [under § 990A.B]." [Emphasis added]. *Marshall* makes clear that an appellant has a duty to make a showing that she mailed her petition in error via *"certified mail, return receipt requested"* before she can claim relief under § 990A.B. Even if a petition for review of a Workers' Compensation Court order could be held to come under § 990A.B, petitioner here made no showing that she came under its terms by having mailed her petition by certified mail, return receipt requested. Her petition for review, therefore, should have been dismissed.

I respectfully dissent.