1998 OK CIV APP 26

1998 OK CIV APP 26

**SOUTHLAND ASSOCIATES, an Oklahoma partnership, and Connecticut General Life Insurance Company, Plaintiff/Appellees,**

v.

**Cheryl CLAY, Tulsa County Assessor, and the Tulsa County Board of Equalization, Defendant/Appellants.**

No. 88968.

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 17, 1998.

Dick A. Blakeley, Tulsa, for Defendant/Appellants,

Donald L. Kahl, Kenneth L. Hunt, Tulsa, for Plaintiff/Appellees.

*OPINION*

HANSEN, Judge:

¶ 1 This appeal involves four consolidated tax protest appeals for the years 1992, 1993, 1994 and 1995. The Tulsa County Board of Equalization (Board) assigned a fair cash value for the Tulsa Promenade Mall for ad valorem tax purposes in an amount objected to by its owners, Southland Associates and its successor in interest, Connecticut General Life Insurance Company (collectively CIG-

NA). CIGNA protested the valuation for each of the subject years and paid the taxes under protest. CIGNA filed formal appeals from Board's rulings for each year. The trial court consolidated the four actions for hearing. Both parties presented expert testimony as to the value of the property. At the conclusion of trial, the court took the matter under advisement ultimately agreeing with CIGNA's expert's valuation. An unsigned minute reflects the market value of the property as follows:

| | |
|---|---|
| December 31, 1991 | $29,900,000; |
| December 31, 1992 | $28,400,000; |
| December 31, 1993 | $24,500,000; |
| December 31, 1994 | $24,200,000. |

CIGNA submitted a journal entry of judgment, objected to by Board. The trial court adopted CIGNA's journal entry and set the valuation pursuant to 68 O.S.1991 § 2817 as follows:

| | |
|---|---|
| Tax Year 1992 | $29,900,000; |
| Tax Year 1993 | $28,400,000; |
| Tax Year 1994 | $24,500,000; |
| Tax Year 1995 | $24,200,000. |

¶ 2 Board appeals the district court's judgment. It claims the journal entry of judgment signed by the judge does not reflect the actual judgment because the minute set a value as of the last day of the year before the year being assessed and thus is erroneous as a matter of law. This proposition has no merit. 68 O.S.1991 § 2817(B) provides:

All taxable real property shall be assessed annually as of the first day of January, at its fair cash value, estimated at the price it would bring at a fair voluntary sale for:

1. The highest and best use for which such property was actually used during the preceding calendar year; or

2. The highest and best use for which such property was last classified for use if not actually used during the preceding calendar year.

¶ 3 A minute drafted by a clerk is not an order or judgment appearing of record. *Marshall v. OK Rental & Leasing, Inc.* 1994 OK 87, 879 P.2d 132, 133. The relevant appealable judgment is the signed journal entry. The valuation set in the journal entry, based on a finding of value on the day prior to January 1 of the taxable year, is perfectly valid. In *County Board of Equalization v. Frontier Grain Co.,* 1969 OK 82, 454 P.2d 317, the Supreme Court stated in its opinion the evidence sustained the trial court's conclusion there was no change in the value of the property between January 1, 1965, and the date of the sale contract, March 15, 1965. It cited *Bliss Hotel Co. v. Thompson,* 1962 OK 234, 378 P.2d 319, 322, which held that evidence of a sale of property consummated six months after the January 1 assessment date was "close enough in point of time to be competent and substantial evidence of the value of the property." Similarly we hold the date of valuation reflected in the minute is relevant for assessment of the property for the next tax year. Board does not suggest the value changed in the one day period and certainly points to no evidence that it did. It does claim the only competent evidence in the record of the fair cash value of the property as of January 1 of each tax year was its own evidence. However, it does not advise this Court why the voluminous evidence presented by CIGNA is not a valid basis for the trial court's valuation. A plausible but not convincing argument in the brief unsupported by authority is not sufficient to overcome the presumption of correctness of the judgment of the trial court. *Sunco Manufacturing Company v. Hargrove,* 1978 OK CIV 29, 581 P.2d 925.

¶ 4 A judgment of the district court fixing the assessed valuation of property for ad valorem tax purposes, rendered on appeal and trial de novo from an order of the county equalization board will not be vacated by this Court for insufficiency of evidence to support it where the judgment is not against the clear weight thereof. *Appeal of National Bank of Tulsa,* 1957 OK 17, 312 P.2d 495. Board has given us no grounds for reversal.

AFFIRMED.

BUETTNER, P.J., and ADAMS, J., concur.